Martin R. HANSON, Respondent,

v.

Clifford LARSON, Appellant.

No. C7–90–451.

Court of Appeals of Minnesota.

Aug. 21, 1990.

Review Denied Oct. 18, 1990.

Patrick J. Roche, Jr., The Trenti Law Firm, Virginia, for respondent.

Robert H. Magie, III, Crassweller, Magie, Anderson, Haag & Paciotti, Duluth, for appellant.

Considered and decided by PARKER, P.J., and RANDALL, and FORSBERG, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an action to enforce an arbitration award arising out of a collective bargaining agreement. While ordinarily one moves to enforce an arbitration award, this employee filed a summons and complaint apparently because he needed to prove damages. His employer had violated the arbitration award order by failing to make an accounting and to provide figures for the arbitrator's computation of damages.

The trial court, in granting summary judgment for the employee, ruled that the action to enforce the arbitration award was timely and that appellant was time-barred from claiming that the arbitration award erroneously named him, rather than his bankrupt corporation, as respondent's employer. The court found no factual dispute regarding damages calculated by the employee. We affirm.

## FACTS

Respondent Martin Hanson was a driver and employee at McKenzie Welding Supply Co., of which appellant Clifford Larson was the sole shareholder. After being laid off on August 27, 1982, respondent filed a grievance with his local union, claiming his layoff was improper. An arbitrator reviewed the collective bargaining agreement and found that respondent was entitled to lost wages and other benefits.

By arbitration award dated April 4, 1985, the arbitrator ordered the employer to

make an accounting of lost wages and benefits owed Hanson. No accounting has been made.

Respondent commenced this suit on August 9, 1988, claiming appellant was personally liable for the arbitration award and damages. The arbitration had been titled, "IN THE MATTER OF THE ARBITRATION BETWEEN Clifford Larson, d/b/a McKenzie Welding Supply Co." Applying the provisions of the collective bargaining agreement, respondent calculated his damages for lost wages, pension and health and welfare benefits as $65,750.40. The employer submitted no contrary evidence.

## ISSUES

1. Did the trial court err in finding that Minn.Stat. § 541.05, subd. 1 (1988), was the applicable statute of limitations for enforcing an arbitration award arising out of a collective bargaining agreement?

2. Did the trial court err in finding no genuine issues of material fact precluding enforcement of the arbitration award by summary judgment?

## DISCUSSION

As a threshold matter, respondent moved to strike from appellant's brief certain documents which were not before the trial court. Appellant admits the documents were not in the record before the trial court. The motion to strike is granted. *See* Minn. R. Civ. App. P. 110.01; *cf. Mattfeld v. Nester,* 226 Minn. 106, 122, 32 N.W.2d 291, 304 (1948) (production of record evidence is never allowed in an appellate court for the purpose of reversing a judgment).

### I

■ Because the underlying arbitration action involved interpretation of a collective bargaining agreement, it is subject to federal labor law under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. *Lingle v. Norge Division of Magic Chef,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Federal and state courts have concurrent jurisdiction over suits alleging breach of a collective bargaining agreement under LMRA § 301. *Carpenters & Joiners Welfare Fund v. Peter Dukinfield Co.,* 323 N.W.2d 45, 47 (Minn.1982) (citing *Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962)).

■ Appellant contends this action to enforce an arbitration award arising from a collective bargaining agreement is a section 301 action and is barred by the applicable statute of limitations.

Ordinarily, "the timeliness of a § 301 suit * * * is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of American (UAW), AFL–CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). When a section 301 suit is analogous to an action for breach of contract, as was the case in *Hoosier,* it is not error to apply a six-year statute of limitations for contract actions. *Id.* at 705 n. 7, 706, 86 S.Ct. at 1113 n. 7, 1113. *But see DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (applying the six-month limitation found in section 10(b) of the National Labor Relations Act because the suit involved a hybrid section 301 action against both former employer and union representation).

The Minnesota Supreme Court has determined that an action in district court to *compel* arbitration is an action "upon a contract" subject to the six-year limitation period provided in Minn.Stat. § 541.05. *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 218 N.W.2d 751, 755 (1974). An action to *compel* arbitration and an action to *enforce* an arbitration award are both proceedings to accomplish the purposes of the LMRA and the collective bargaining agreement. We see no logical basis to distinguish between *Har Mar* and this case. The limitation period in Minn.Stat. § 541.05, subd. 1, providing a six-year limitation period for actions "upon a contract," applies to actions to enforce an

arbitration award under section 301. This holding is consistent with similar cases in other jurisdictions.[1] *See, e.g., Derwin v. General Dynamics Corp.*, 719 F.2d 484, 490 n. 6 (1st Cir.1983) (holding that an action to confirm an arbitration award under section 301 was timely using either a six-year statute of limitations for contracts or a 20–year period for enforcement of judgments).

Respondent brought this action less than six years after the arbitration award. The trial court did not err in finding the action for enforcement timely.

## II

On appeal from summary judgment, this court determines only whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

■ Appellant claims that he was not respondent's employer. He argues that a "misnomer" on the title of the arbitration award is a disputed factual issue precluding summary judgment to enforce the award.

The heading of the arbitration award states: "IN THE MATTER OF THE ARBITRATION BETWEEN Clifford Larson, d/b/a McKenzie Welding Supply Co." Appellant signed the collective bargaining agreement "Clifford Larson, d/b/a McKenzie Welding Company;" he did not sign in a corporate capacity.

Appellant asserted an affirmative defense which could have been raised within 90 days of the arbitration in a motion to modify or to vacate the arbitration award. *See* Minn.Stat. §§ 572.19; 572.20 (1988). He did not do so, and he is time-barred from raising this defense in the present action, brought more than four years after the arbitration award. *See State v. Berthiaume*, 259 N.W.2d 904, 909 (Minn.1977); *see also International Brotherhood of Electrical Workers v. Babcock & Wilcox*, 826 F.2d 962 (10th Cir.1987) (union action to confirm an arbitration award where the employer was not allowed to move to vacate the arbitration award); *Service Employees International Union v. Office Center Services, Inc.*, 670 F.2d 404, 414 (3rd Cir.1982) (employer who did not bring an action to vacate within the 90–day limitation period provided by state statute was barred from asserting defenses at subsequent proceeding to confirm arbitration).

■ Appellant contends there is a genuine issue of material fact regarding the amount of damages owed respondent. The arbitration award directed appellant, as respondent's employer, to make an accounting of payroll records and hours worked by personnel. Appellant failed to comply with this order. Appellant produced no evidence regarding damages for the trial court and made only general averments and denials, which are insufficient to raise an issue of fact when opposing a motion for summary judgment. *See* Minn. R. Civ. P. 56.05. There is, consequently, no genuine issue of material fact regarding the damages award.

At oral argument appellant raised the issue of the trial court's purported ordering of an attorney fee award in excess of the arbitration award. We are perplexed by this. The award was for damages, costs and disbursements only. We affirm this award.

## DECISION

Having brought this action less than six years after the arbitration award upon em-

---

**1.** We reject appellant's contention that the six-month limitation period found in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1983), for actions involving unfair labor practices should apply here. This is not a hybrid case brought against both the employer and union. The authority cited by appellant is contrary to *DelCostello*, in which the United States Supreme Court said it did not intend to weaken the holding in *Hoosier. DelCostello*, 462 U.S. at 162–63, 103 S.Ct. at 2289–90. To imply a hybrid action, as was suggested in *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 886–87 (11th Cir.1985), and allow courts to speculate that someone could have brought an action against the union for failing to seek enforcement of an arbitration award would further weaken *Hoosier* and is contrary to the express caution in *DelCostello*.

ployer's breach of the collective bargaining agreement, respondent's action is not time-barred by the applicable Minnesota statute of limitations. There is no genuine issue of material fact regarding liability and calculation of damages, and summary judgment was properly ordered.

Affirmed.