OPINION
{¶ 1} On February 5, 2003, plaintiff-appellee, Lloyd Bond filed a complaint against Mary Caudy, Allstate Insurance Company ("Allstate"), and defendant-appellant, Citizens Insurance Company ("Citizens") alleging a negligence claim against Caudy and seeking recovery of uninsured motorist insurance under policies issued by Allstate and Citizens. The charges arise out of a motor vehicle accident on February 5, 2001 involving vehicles operated by Shawn S. Williams and Caudy. Bond was a passenger in Williams' vehicle.
 {¶ 2} Williams was insured by Allstate and it is undisputed that Caudy was uninsured. Bond obtained a default judgment against Caudy. Bond was an insured person under the Citizens' policy, in which his wife was the primary insured.
 {¶ 3} Citizens asserted a cross-claim for declaratory judgment against Allstate seeking a judgment that Allstate's uninsured motorist coverage for Bond's claims is primary and Citizens' coverage is excess. Citizens filed a motion for summary judgment on its cross-claim for declaratory judgment against Allstate. Allstate also filed a motion for summary judgment on the cross-claim. The trial court denied Citizens' motion for summary judgment and granted Allstate's motion for summary judgment.
 {¶ 4} Citizens filed a notice of appeal, raising the following single assignment of error:
 THE TRIAL COURT ERRED IN ITS DECEMBER 7, 2005 DECISION AND ENTRY THAT ALLSTATE PROVIDES EXCESS UNINSURED MOTORIST ("UM") COVERAGE FOR PLAINTIFF BOND'S CLAIMS AND CITIZENS' UM COVERAGE IS PRIMARY.
 {¶ 5} In its assignment of error, Citizens contends that the trial court erred in denying its motion for summary judgment and granting Allstate's motion for summary judgment and in finding that Citizens' uninsured motorist coverage for Bond's claims is primary and Allstate's uninsured motorist coverage is excess.
 {¶ 6} To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ. R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 7} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ. R. 56, as well as the applicable law. Murphy, supra.
 {¶ 8} The material facts of this case are not in dispute and the issue is a question of law, the resolution of which depends on the interpretation of the insurance policies at issue and the statutory law governing those policies. The court, in Santana v. Auto Owners Ins.Co. (1993), 91 Ohio App.3d 490, 494, addressed the rules of interpretation regarding insurance policies as follows:
 "`The first general maxim of interpretation * * * is, that it is not allowable to interpret what has no need of interpretation.'" Lawler v. Burt (1857), 7 Ohio St. 340, 350. If a term is clear and unambiguous, "* * * this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246 * * * In the absence of ambiguity, therefore, the terms of the policy must simply be applied " `* * * according to its terms without engaging in construction * * *.' "Hartford Ins. Co. v. Occidental Fire Cas. Co. (C.A.7, 1990), 908 F.2d 235, 238, quoting Arkwright-Boston Mfrs. v. Wausau Paper Mills Co. (C.A.7, 1987), 818 F.2d 591, 594.
 {¶ 9} The court continued and stated that the test for determining whether language in an insurance policy is ambiguous is " `reasonably susceptible of more than one interpretation.' "Id., quoting King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. In making the determination of whether language is ambiguous, courts must generally give words and phrases their "plain, ordinary, natural or commonly accepted meaning." Id., citing Gomolka v. State Auto. Mut. Ins. Co.
(1982), 70 Ohio St.2d 166, 167-168.
 {¶ 10} Where the language in an insurance policy is ambiguous, it will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy. Derr v. Westfield Cos. (1992),63 Ohio St.3d 537, 542. When determining if an insurance policy is ambiguous, the words of the policy must be given the ordinary meaning they would have to the average consumer. Thomas v. Rittner (Oct. 7, 1999), Franklin App. No. 99AP-136, citing Enyart v. Nationwide Mut. Ins. Co. (Dec. 15, 1994), Cuyahoga App. No. 66403.
 {¶ 11} The Allstate policy which covers the vehicle in which Bond was a passenger, provides uninsured coverage in the amount of $15,000 each person/ $30,000 each incident. The policy defines an additional insured person as "any other person occupying, but not operating an insured auto [or] any other person who is legally entitled to recover because of bodily injury to a person occupying, but not operating, an insured auto." Appellant's Motion for Summary Judgment Ex. A, at 6. The policy also provides, in pertinent part:
 Any amount payable to or for an insured person * * * under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured auto or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.
 An additional insured person shall be insured only to the extent that the limits of liability for Uninsured Motorists Insurance for Bodily Injury under this policy exceed the limits of liability for similar coverage under any other policy.
Appellant's Motion for Summary Judgment Ex. A, at 3-4.
 {¶ 12} The Citizens' policy covering Bond provides uninsured motorist coverage in the amount of $100,000 per person/$300,000 per incident. It also provides in pertinent part: "[a]ny insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." Appellant's Motion for Summary Judgment Ex. C, at 2 of P54. The policy defines "you" as the named insured, Bond's wife, or the named insured's spouse, Bond. Thus, the Allstate policy provides that uninsured motorist coverage for additional insured persons will be reduced by coverage paid under another similar policy. The Citizens' policy provides that its coverage is excess as to any insurance providing primary coverage.
 {¶ 13} The trial court found that Citizens' policy only provided excess coverage if there is primary insurance and the Allstate policy provided only excess coverage. Thus, the trial court found since there was no primary insurance policy, Citizens' policy was primary over Allstate's policy. The trial court also noted that finding the policy issued to Bond's household is primary is consistent with the purpose behind uninsured motorist coverage to protect people, not vehicles, as noted in Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478,482, superseded by statute on other grounds.
 {¶ 14} In this case, both the Allstate and the Citizens' policies provide excess uninsured motorists coverage, thus, they are similar. However, the Citizens' policy provides that it is excess only if there is primary coverage. In this case, there is no primary coverage because the negligent driver was uninsured and the Allstate policy is excess. Thus, the Citizens' policy is primary and the Allstate policy is excess.
 {¶ 15} Citizens argues that this case presents the same facts asGregory v. Allstate Ins. Co. (June 24, 1999), Cuyahoga App. No. 74119 and we should reach the same result. In Gregory, Lori Gregory was a passenger in a truck owned by Lorrie Accettola, insured by Allstate. The negligent driver was underinsured. Gregory was covered by Midwestern, a division of GRE. The appellate court found that Gregory was an additional insured person under the Allstate policy but the provision that additional insured persons are only insured to an amount of compensation in excess of any similar coverage under another policy was void as violating R.C. 3937.18, in effect at the time of Gregory's injury, September 27, 1995. Finally, the court found that Allstate's coverage was primary and Midwestern's coverage was excess.
 {¶ 16} We disagree with Citizens regarding the applicability ofGregory. Initially, we note that the Gregory case is distinguishable because it involved underinsured motorist benefits, not uninsured motorist benefits. The Gregory court found that R.C. 3937.18(B) precluded Allstate's policy provision, the version in effect in 2001 provides, as follows:
 (B) Coverages offered under division (A) of this section shall be written for the same limits of liability. No change shall be made in the limits of one of these coverages without an equivalent change in the limits of the other coverage.
 {¶ 17} Thus, the court found that since Allstate only paid underinsured motorist benefits if the Allstate policy exceeded the limits of liability for similar coverage under any other policy, Allstate provided conditional and uncertain underinsured coverage and abrogated its duty under R.C. 3937.18. However, we disagree with the reasoning of the court in Gregory. The Allstate policy provided the same limits of liability for insureds and additional insured persons. It does not eliminate or reduce the coverage, merely provides that another policy may pay the injured person first. Allstate's risk allocation does not alter the amount an injured person would have received from a tortfeasor who was insured it simply sets a priority as to which insurer pays first. Allstate's provision did not violate R.C. 3937.18 at that time and is not void.
 {¶ 18} Another distinguishing factor of Gregory, is that the case involved an excess clause which the court found took precedence over a pro rata clause, in accordance with Motorists Mutual Ins. Co. v.Lumbermens Mut. Ins. Co. (1965), 1 Ohio St.2d 105. In this case, there are two excess clauses involved.
 {¶ 19} Citizens also contends that we should apply Baskin v. AllstateIns. Co. (June 17, 1998), Summit App. No. 18653, to these facts. InBaskin, Daniel Baskin was injured while a passenger in Christopher Passalaqua's Honda vehicle. The Honda was insured by Allstate and Baskin was insured by GRE Insurance Company. The court found that the Allstate policy was primary and the GRE policy was excess because the Allstate excess provision applied when the injured person occupied a vehicle that was not owned by the policyholder. Such was not the case as Passalaqua owned the vehicle so the excess clause was not triggered. Thus,Baskin is distinguishable from this case.
 {¶ 20} We agree with the trial court that the Citizens' policy provides that it is excess only if there is primary coverage. In this case, there is no primary coverage because the negligent driver was uninsured and the Allstate policy is excess. Thus, the Citizens' policy is primary and the Allstate policy is excess. Citizens' assignment of error is not well-taken.
 {¶ 21} For the foregoing reasons, Citizens' assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and TRAVIS, JJ., concur.