GRIZINSKI, Appellant,

v.

AMERICAN EXPRESS FINANCIAL ADVISORS, INC., Appellees.

[*Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2009–05–062.

Decided May 3, 2010.

Michael J. Davis, for appellant.

Michael W. DeWitt, for appellee.

---

HENDRICKSON, Judge.

{¶ 1} Plaintiff-appellant, William V. Grizinski, appeals the decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, American Express Financial Advisors', Inc. ("American"). We affirm the decision of the trial court.

{¶ 2} Grizinski is a broker, and one company he represents is the National Health Insurance Company ("NHIC"). David Parker, one of Grizinski's clients, established an annuity contract with NHIC that replaced an annuity Parker already held. Parker was also a client of American and eventually moved funds from his NHIC annuity to investments held with American. At some point, Michael Bryan, an employee of American who had a close personal and professional relationship with Parker, became involved in the annuity change.

{¶ 3} After reviewing the annuities Parker held with Grizinski, Bryan composed a letter on Parker's behalf regarding certain aspects of the annuity-

replacement contract. Specifically, the letter indicated that Parker was surprised to learn that he would be charged a 15 percent surrender charge, that he had not received full disclosure regarding the fees, and that no replacement form was filed at the time Parker replaced his annuity contract. Parker signed the letter, and Bryan sent it to NHIC and also sent a copy to the Ohio Department of Insurance ("ODI"). According to Parker and Bryan, they sent the letter in hopes of gaining an economic advantage, namely waiver of the surrender fees to which NHIC was entitled. The purpose of sending a copy of the letter to ODI was to gain leverage to force NHIC to waive the surrender charges.

{¶ 4} After receiving the letter, both NHIC and ODI conducted an investigation into Parker's complaint, specific to whether Grizinski's actions violated insurance regulations or whether he was subject to discipline for the handling of Parker's annuity contract. After the investigation, NHIC determined that Grizinski was not obligated to file a replacement form and that he acted in good faith and made full disclosure regarding the surrender fees. Similarly, ODI performed an investigation and concluded that Grizinski had not violated any insurance laws or regulations and had not acted improperly in his dealings with Parker.

{¶ 5} Grizinski filed suit against Parker in Scioto County Court of Common Pleas and eventually settled the case out of court. The matter between Grizinski, Bryan, and American was set for arbitration under National Association of Securities Dealers ("NASD") guidelines. In addition to his claim against Bryan and American for tortious interference with a business relationship and defamation/libel, Grizinski also claimed that American had violated Ohio's Deceptive Trade Practices Act.

{¶ 6} The causes were heard by a panel of arbitrators, who unanimously found American and Bryan[1] liable, joint and severally, for $25,000 in compensatory damages. The panel also imposed $50,000 in punitive damages against American for its conduct. The panel also ordered American to take whatever steps were necessary to expunge any records of the disciplinary inquiries against Grizinski from ODI, NASD, and the Securities and Exchange Commission. The panel gave American until September 30, 2003, to effectuate the expungement orders and further ordered American to pay $100 per day for every day past September 30, 2003, that expungement did not occur.

{¶ 7} After the deadline passed, Grizinski claimed that he was able to access information on ODI's website pertaining to the disciplinary investigation it performed on him in response to Parker's letter. Grizinski filed a complaint

---

1. Based on the close personal relationship Bryan shared with Parker, the panel found that Bryan had not tortiously interfered with Grizinski's business relationship with Parker.

against Bryan and American in the Warren County Court of Common Pleas for the enforcement of the panel's expungement orders and for monetary damages pursuant to the panel's award of $100 for each day past September 30, 2003, that the records were not expunged. While Bryan was eventually dismissed from the suit, American filed a motion for summary judgment, and the trial court granted it, finding that there were no genuine issues of material fact. It is from the trial court's decision to grant summary judgment that Grizinski now appeals, raising a single assignment of error.

{¶ 8} "The trial [sic] committed reversible error as a matter of fact and as a matter of law in granting summary judgment in favor of the appellee/defendant."

{¶ 9} In his assignment of error, Grizinski claims that the trial court erred in finding that no genuine issues of material fact remain to be litigated. This argument lacks merit.

{¶ 10} Before reviewing the trial court's decision to grant summary judgment, we first address Grizinski's claim that the trial court improperly considered an unsworn letter in determining that American was entitled to summary judgment. The letter, attached to American's motion for summary judgment, was written by an ODI representative in response to American's request for information regarding Grizinski's disciplinary action.

{¶ 11} According to Civ.R. 56(C), proper summary judgment materials include pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Otherwise, materials not referenced in Civ.R. 56(C) may be properly considered if they are incorporated by reference in a properly framed affidavit. *Spagnola v. Spagnola*, Mahoning App. No. 07 MA 178, 2008-Ohio-3087, 2008 WL 2486429.

{¶ 12} While the unsworn letter does not fall within any of these categories and was not otherwise incorporated by reference in a proper affidavit, we nonetheless find that the trial court did not err in considering the letter. Instead, "although a court is not required to consider improper summary judgment evidence, it may consider such evidence if neither party objects." *Spagnola*, 2008-Ohio-3087, 2008 WL 2486429 at ¶ 39.

{¶ 13} In lieu of a memorandum in opposition to American's motion for summary judgment, Grizinski filed an affidavit in which he argued that summary judgment was inappropriate. However, in his affidavit, Grizinski failed to object to American's use of the unsworn letter and instead referenced the letter in support of his own claims. As Grizinski failed to object to the letter's use, the trial court did not err in considering the improper summary judgment evidence.

{¶ 14} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167. Civ.R. 56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, that conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.,* Fayette App. No. CA2007–08–030, 2008-Ohio-3077, 2008 WL 2486565, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 15} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Ents.* (Dec. 10, 2001), Clermont App. No. CA2001–06–056, 2001 WL 1567352, at *2. A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. Id.

{¶ 16} Thus, in order to avoid summary judgment in American's favor, Grizinski was required to set forth specific facts to demonstrate that American failed to follow the arbitration panel's expungement order. According to the order, American was ordered to "at its own cost and expense prosecute such action(s) and/or administrative proceeding(s) as necessary to result in the entry of final, nonappealable judgment(s) and/or administrative order(s) requiring the full and final expungement of the disciplinary inquiry and any record thereof with the Ohio Department of Insurance, the National Association of Securities Dealers, the Central Registration Depository, and the Securities and Exchange Commission resulting from [Parker's] letter* * *."

{¶ 17} In his attempt to set forth specific facts to demonstrate that American had failed to expunge a record of his disciplinary action, Grizinski offered his affidavit, which contained several self-serving statements not supported by the record. Throughout the affidavit, Grizinski relies upon and makes reference to a self-performed Internet search of the consumer complaints section of ODI's website. According to his claim, American failed to expunge records as directed by the arbitration award because the ODI website contained a reference to Parker's original complaint against NHIC. Grizinski stated in his affidavit that "attached hereto is a copy of the internet search that I was able to do which produced information regarding this case."

{¶ 18} We first note that much like the unsworn letter attached to American's motion for summary judgment, the Internet printouts were also improper summary judgment material. While Grizinski makes mention of the printouts in his affidavit, he failed to properly attach them to his affidavit. Grizinski later filed the printouts with the trial court, but never incorporated them by reference as is required by Civ.R. 56(C). However, American did not object to the printouts as improper summary judgment material, so it is within this court's discretion to consider the printouts.

{¶ 19} Although Grizinski asserts that his Internet search and the printouts prove that American failed to expunge all record of his disciplinary inquiry as ordered by the arbitration panel, Grizinski failed to connect the Internet webpage to the arbitration award requiring expungement of "any record" of the disciplinary inquiry with ODI. Instead, Grizinski's general averments that the printouts are a record of his disciplinary inquiry are insufficient to demonstrate that summary judgment was improper. See *Hanson v. Larson* (Minn.App.1990), 459 N.W.2d 339 (affirming trial court's grant of summary judgment when appellant failed to raise a genuine issue of material fact regarding ambiguity over arbitration award where appellant produced no evidence and made only general averments in response to appellee's motion).

{¶ 20} Rather, Grizinski's affidavit sets forth only conclusory statements instead of particular facts to demonstrate that the information on ODI's webpage was specifically linked to the expungement orders. In particular, Grizinski's name does not appear anywhere on the webpage or in any reference to Parker's complaint. Instead, the webpage lists NHIC as the company against whom Parker's complaint was made. Further, the information on ODI's webpage does not refer to Parker's original letter, which implicated Grizinski and served as the basis for the arbitration award and expungement order.

{¶ 21} Moreover, the webpage displays information not contained or made reference to in the arbitration panel's written award. Specifically, the written award does not reference the numerical designation of the file ODI opened, which served as record of its investigation into Parker's complaint. Neither does the award mention the date ODI disposed of Parker's complaint. Because the panel's award was delivered after ODI had completed its investigation into the matter, the information such as file number and date of disposition was available to the panel. However, the expungement order makes no reference to either of these important aspects of the information contained on ODI's webpage.

{¶ 22} We also note that when American contacted ODI to ensure that all records of Grizinski's disciplinary inquiry had been removed, ODI confirmed that there were no remaining records to expunge. The letter from ODI specifically states in regard to Grizinski that "there is no activity to be withdrawn or

expunged." The letter goes on to state, "I do not find agent William V. Grizinski named in Mr. Parker's complaint against National Health, nor do I find his name listed as an Involved Party of our investigation of Mr. Parker's complaint. Furthermore, review of his licensing record does not suggest any regulatory action against Mr. Grizinski by this Agency's Enforcement Division." Thus, Grizinski's claim that American failed to go through the proper channels to have the information removed is conclusory rather than a statement based on factual material contained in the record.

{¶ 23} Therefore, Grizinski's claim that the webpage was a record of the disciplinary inquiry is a mere conclusion not supported by the record and is insufficient to overcome American's summary judgment motion. See *Youssef v. Parr, Inc.* (1990), 69 Ohio App.3d 679, 689, 591 N.E.2d 762 (when a party opposing a summary judgment motion presents an affidavit, "it is essential that an affidavit set forth facts, not legal conclusions"); and *Rice v. Johnson* (Aug. 26, 1993), Cuyahoga App. No. 63648, 1993 WL 328733, *4 ("A court may disregard conclusory allegations in an affidavit unsupported by factual material in the record").

{¶ 24} After reviewing the record, we find that Grizinski has failed to provide evidence to meet his reciprocal burden to demonstrate that a genuine issue of material fact remains to be litigated. Having failed to link the information on the webpage to the arbitration panel's order requiring "any record" of the disciplinary inquiry with ODI to be expunged, Grizinski did not satisfy his burden to show that there remain any genuine issues of material fact to be litigated. The trial court's award of summary judgment to American was thus proper, and Grizinski's assignment of error is overruled.

Judgment affirmed.

Bressler, P.J., and Ringland, J., concur.