[Cite as *Natl. Mut. Ins. Co. v. Gano*, 2013-Ohio-3408.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

NATIONAL MUTUAL INSURANCE CO.,      :

      Plaintiff-Appellant,      :      CASE NO.  CA2013-04-016

                      :      O P I N I O N
  - vs -                           8/5/2013

                      :

GAGE P. GANO, et al.,      :

      Defendants-Appellees.      :

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CV2012-0021

Les Chambers, 825 N. Houk Road, Suite 304, Delaware, Ohio 43015, for plaintiff-appellant, National Mutual Insurance Company

Joyce V. Kimbler, 50 S. Main Street, Suite 502, Akron, Ohio 44308, for defendant-appellee, Nationwide Mutual Fire Insurance Company

**HENDRICKSON, P.J.**

{¶ 1}   Plaintiff-appellant, The National Mutual Insurance Company (National Mutual), appeals from a decision of the Madison County Court of Common Pleas awarding summary judgment to defendant-appellee, Nationwide Mutual Fire Insurance Company (Nationwide).[1] For the reasons discussed below, we affirm the judgment of the trial court.

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

{¶ 2} On June 17, 2012, National Mutual filed a complaint against defendants Gage Gano and Nationwide, seeking contribution for sums paid by National Mutual to its insured, Caitlin Purk, for injuries sustained in a motor vehicle accident.[2] The accident occurred on January 14, 2010 on State Route 29 in Madison County, Ohio. Caitlin was a passenger in a 1999 Honda Civic being driven by Shelby Siegenthaler when the vehicle was struck by a 2005 Honda Civic being driven by Gano. Gano claimed that the collision was precipitated by a "phantom vehicle" striking his vehicle, which in turn caused him to crash into Siegenthaler's vehicle.

{¶ 3} At the time of the accident, Siegenthaler's vehicle was an insured vehicle under an insurance policy issued by Nationwide. The Nationwide policy provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Caitlin was listed as an insured driver on a policy issued by National Mutual to William Purk. The National Mutual policy provided bodily injury liability limits of $250,000 per person and $500,000 per accident.

{¶ 4} Caitlin suffered damages from the accident and made claims for uninsured motorist coverage to both National Mutual and Nationwide. National Mutual settled Caitlin's claim for $140,000 and obtained a release and assignment from her for any and all claims she had against Gano and Nationwide. National Mutual then filed suit, seeking contribution from Nationwide in the amount of $39,900, or 28.5 percent of the $140,000 it paid to Caitlin, which National Mutual believed was Nationwide's pro rata share.[3]

{¶ 5} In January 2013, Nationwide and National Mutual filed competing motions for summary judgment. Nationwide argued that its policy "clearly and specifically expressed its

---

2. On April 25, 2013, National Mutual dismissed its claims against Gano. Gano is not a party to the present appeal.

3. National Mutual argues that Nationwide's pro rata share is 28.5 percent, which represents Nationwide's per person bodily injury liability coverage limit of $100,000 divided by the $350,000 per person bodily injury liability coverage limit recoverable under both policies' combined coverage limits.

intent that where Nationwide provides insurance for use of a covered auto by a person other than [a named insured], Nationwide's insurance would be excess to other insurance." Because Caitlin is not a named insured under Nationwide's policy, Nationwide would only provide "excess insurance" for the injuries she sustained. As Caitlin's damages were less than National Mutual's coverage limit of $250,000, Nationwide contends its excess clause was not triggered and that it was not required to pay any amount towards her damages. National Mutual, however, argued that its policy also contained an excess insurance clause, and that its excess clause and Nationwide's excess clause were "mutually repugnant as a matter of law" such that neither companies' policy could be considered "primary" and each company would therefore be required to respond to the loss on a pro rata basis.

{¶ 6} On March 28, 2013, the trial court issued a decision denying National Mutual's motion for summary judgment and granting Nationwide's motion for summary judgment. The trial court determined that the express terms of National Mutual's policy offered primary coverage to Caitlin for the injuries she sustained. In reaching this determination, the trial court stated that "[t]here [was] no need to apply case law relevant to mutually repugnant excess clauses because there is only one excess clause at issue in this case. [National Mutual's] assertion that its policy offers excess coverage in this situation is not persuasive."

{¶ 7} National Mutual timely appealed the trial court's decision denying its motion for summary judgment and granting Nationwide's motion for summary judgment, raising as its sole assignment of error the following:

{¶ 8} THE TRIAL COURT ERRED AND IMPROPERLY GRANTED SUMMARY JUDGMENT TO [NATIONWIDE] AND DENIED SUMMARY JUDGMENT TO [NATIONAL MUTUAL] BY FINDING THAT [NATIONAL MUTUAL'S] UNDERINSURED MOTORIST COVERAGE WAS PRIMARY AND FINDING THAT [NATIONWIDE] DID NOT SHARE UIM COVERAGE ON A PRO RATA BASIS WITH NATIONAL MUTUAL.

{¶ 9} National Mutual contends that the trial court erred in finding that its uninsured motorist coverage for Caitlin was primary and Nationwide's uninsured motorist coverage was excess. National Mutual contends that both companies' excess clauses were "triggered," thereby requiring each company to respond to Caitlin's loss on a pro rata basis. In support of its argument, National Mutual cites to *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.*, 49 Ohio St.2d 213 (1977), syllabus, which states that "[w]here two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies."

{¶ 10} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 11} Both insurance companies agree that there are no genuine issues of material fact that would prevent this matter from being determined on summary judgment. Further, both insurance companies agree that the issue in question is a matter of law, the resolution of which depends upon the interpretation of their respective insurance policies.

{¶ 12} An insurance policy is a contract and the role of a court in interpreting an

insurance policy is to give effect to the intent of the parties to the agreement. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 9, 11; *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Co.*, 86 Ohio St.3d 270, 273 (1999). Accordingly, a court should "examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." *Galatis* at ¶ 11. A court must look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. *Id.*, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. * * * As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Id.*

{¶ 13} The Nationwide policy in question provided coverage for the vehicle Siegenthaler, a named insured, drove, in which Caitlin was a passenger. Nationwide's policy defined an "insured" as "one who is described as entitled to protection under each coverage." With respect to uninsured motorists coverage, Nationwide's policy provided that it would "pay compensatory damages * * * that other natural persons are legally entitled to recover from the owner or driver of an uninsured motor vehicle * * * resulting from the motor vehicle accident if such other person suffer[s] bodily injury while occupying * * * your auto." However, Nationwide's "other insurance" clause sought to limit such coverage, providing in critical part:

> *If an insured other than you or a relative is a named insured * * * for uninsured motorists or underinsured motorists coverage under another policy, our policy is excess to any such coverage.* Our coverage will apply only in the amount by which the limit of coverage under this policy exceeds the limit of coverage of the policy or policies under which such insured is a named insured or insured household member.

(Emphasis added.)

{¶ 14} The National Mutual policy, which listed Caitlin as an insured driver, provided that National Mutual would "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of * * * [a]n 'uninsured motor vehicle * * * because of 'bodily injury' * * * [s]ustained by an 'insured' and * * * [c]aused by an accident." National Mutual's policy defined an "insured" as "you [the named policyholder] or any 'family member [of the named policyholder].'" National Mutual's "other insurance" provision provided the following:

> If there is other applicable insurance available under one or more policies or provisions of coverage:
>
> 1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
>
> 2. *Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.*
>
> 3. If the coverage under this policy is provided:
>
>     a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
>
>     b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

(Emphasis added.)

{¶ 15} "Ohio law recognizes 'that before one policy can ride as excess insurance, the other policy must be made to walk as primary insurance.'" *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 6th Dist. Lucas No. L-10-1095, 2010-Ohio-5176, ¶ 26, quoting *Buckeye Union*, 49 Ohio St.2d at 216. There is no dispute that both the Nationwide and National Mutual

policies provide excess uninsured motorist coverage under certain circumstances. However, contrary to National Mutual's assertions, its excess insurance clause is not triggered in the present case.

{¶ 16} National Mutual's "other insurance" provision clearly states that "any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." The clear and unambiguous meaning of such language is that where the insured is injured in an accident involving an uninsured motorist, the car the insured is occupying is not owned by the insured, and there is no collectible insurance providing coverage on a primary basis, the National Mutual policy will provide primary coverage. However, where there exists primary coverage in such a situation, the National Mutual policy will only provide excess coverage.

{¶ 17} In contrast, Nationwide's policy clearly provides that "[i]f an insured other than you or a relative is a named insured * * * for uninsured motorists or underinsured motorists coverage under another policy, our policy is excess to any such coverage." The clear and unambiguous meaning of such language is that if an insured other than the named insured or a relative is *not* a named insured for uninsured motorist coverage under another policy then the Nationwide policy will provide primary coverage. This contingency, which triggers primary coverage in the Nationwide policy, has not occurred here as Caitlin is a named insured for underinsured motorist coverage under another policy, the National Mutual policy. Accordingly, the Nationwide policy provides only excess coverage under these circumstances.

{¶ 18} Contrary to National Mutual's argument, the two insurance provisions are not directly in conflict with one another and do not create a situation which triggers application of *Buckeye Union*, 49 Ohio St.2d 213. The present case does not present a situation where two insurance policies cover the same risk and both provide that their liability with regard to

that risk shall be excess insurance over the other valid insurance. *See id.* Rather, in the present case, only one excess clause is at issue as National Mutual's policy provides primary coverage.

{¶ 19} In *Bond v. Caudy*, 10th Dist. Franklin No. 06AP-242, 2006-Ohio-6898, the Tenth District had the opportunity to consider two "other insurance" policies similar to those at issue in the present case. In *Bond*, an uninsured driver struck a vehicle driven by Williams, who was insured by Allstate Insurance Company. *Id.* at ¶ 1-2. Bond was a passenger in Williams' vehicle, and Bond was an insured person under a Citizens Insurance Company policy. *Id.* Bond filed a complaint seeking recovery of uninsured motorist insurance under both Allstate's policy and Citizens' policy. *Id.* at ¶ 1. Citizens asserted a cross-claim for declaratory judgment against Allstate, seeking a judgment that Allstate's uninsured motorist coverage was primary and Citizens' coverage was excess. *Id.* at ¶ 3.

{¶ 20} Allstate's policy defined an "additional insured person" as "any other person occupying, but not operating an insured auto [or] any other person who is legally entitled to recover because of bodily injury to a person occupying, but not operating an insured auto." *Id.* at ¶ 11. The policy also provided:

> Any amount payable to or for an insured person * * * under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured auto or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.
>
> * * *
>
> An additional insured person shall be insured only to the extent that the limits of liability for Uninsured Motorists Insurance for Bodily Injury under this policy exceed the limits of liability for similar coverage under any other policy.

*Id.* Conversely, Citizens' policy had an "other insurance" provision identical to National Mutual's "other insurance" provision. Citizens' policy provided in relevant part that "[a]ny

insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." *Id.* at ¶ 12. The trial court found that Citizens' policy only provided excess coverage if there was primary insurance and the Allstate policy provided only excess coverage. *Id.* at ¶ 13. As there was no other primary insurance policy, the trial court found Citizens' policy to be primary. *Id.* The Tenth District affirmed the trial court's decision, finding that "Citizens' policy provides that it is excess only if there is primary coverage. In this case, there is no primary coverage because the negligent driver was uninsured and the Allstate policy is excess. Thus the Citizens' policy is primary and the Allstate policy is excess." *Id.* at ¶ 14, 20.

{¶ 21} We agree with the Tenth District that the language utilized by the parties in their respective "other insurance" policies determines whether the policies can be said to "walk" as primary insurance or excess insurance. *Id.* at ¶ 8-10. Just like Citizens' "other insurance" provision in *Bond*, National Mutual's "other insurance" provision clearly provides that National Mutual will provide primary coverage when the insured is injured in an accident involving an uninsured motorist, the car the insured is occupying is not owned by the insured, and there is no other collectible insurance providing coverage on a primary basis.

{¶ 22} Accordingly, we overrule National Mutual's assignment of error, and find that the trial court did not err by granting summary judgment to Nationwide and denying summary judgment to National Mutual. The trial court correctly determined that National Mutual's uninsured motorist coverage was primary and Nationwide's uninsured motorist coverage was excess.

{¶ 23} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.