OPINION
{¶ 1} This is an appeal from a final judgment of the court of common pleas entered in an R.C. 2506.01 appeal to that court from a decision of a board of township trustees.
 {¶ 2} In 1988, Appellant, Board of Trustees of Sugarcreek Township ("Trustees"), hired Appellee, Kelly E. Blair, as a township police officer. Blair was subsequently awarded a certificate by the Ohio Peace Officer's Training Academy attesting to his satisfactory completion of a basic training program, which is required by R.C. 109.77 for permanent appointment as a police officer.
 {¶ 3} Blair was promoted to Police Sergeant in 1989. In May of 1998, the Trustees appointed Blair Chief of Police for the township district. In August of 1998, the Trustees additionally appointed Blair to the unpaid position of police constable. The purpose of that additional appointment was to allow Blair to perform certain police functions within the City of Bellbrook and outside Sugarcreek Township but within Greene County that Blair's position as Chief of Police for the township did not otherwise authorize him to perform.
 {¶ 4} On September 18, 2006, in its regular session, the Board of Trustees adopted Resolution Number 2006-09-18-12, which provides: *Page 3 
 {¶ 5} "WHEREAS, Kelly E. Blair has served as an unclassified employee of Sugarcreek Township in the capacity of Chief of Police since April 25, 1998; and,
 {¶ 6} "WHEREAS, in accordance with Section 505.49(B)(2) of the Ohio Revised Code (ORC), the Chief of Police of the district shall serve at the pleasure of the Township Trustees; and
 {¶ 7} "WHEREAS, the Trustees of Sugarcreek Township have determined to remove Kelly E. Blair as Chief of Police solely at the pleasure of the Board and due to the nature of his unclassified position,
 {¶ 8} "NOW THEREFORE, BE IT RESOLVED, that the Sugarcreek Township Board of Trustees does hereby terminate the employment of Kelly E. Blair effective September 18, 2006."
 {¶ 9} Blair filed an appeal pursuant to R.C. 2506.01 from his termination to the court of common pleas. Blair argued that because he holds a certificate pursuant to R.C. 109.77, the Trustees were required by R.C. 509.01(B) to follow the notice and hearing requirements of R.C. 505.491 to 505.495 before terminating his appointment as a police constable, which they failed to do.
 {¶ 10} The matter was referred to a magistrate, who after hearings found in favor of Blair. The magistrate concluded *Page 4 
that while Blair could be summarily terminated from his appointment as Chief of Police, because he served in that position at the pleasure of the Trustees per R.C. 505.49(B), the Trustees were prevented by R.C. 509.01(B) from also terminating Blair from his appointment as a police constable without prior notice and hearing.
 {¶ 11} The Trustees filed objections to the magistrate's decision. The court overruled the objections and adopted that decision. The Trustees filed a timely notice of appeal to this court.
 {¶ 12} Before addressing the assignments of error, we will address our standard of review. In Ledford v. Board of Zoning Appeals, 171 Ohio App.3d 24, 2007-Ohio-1673, we wrote:
 {¶ 13} "{¶ 23} In contrast, when an appellate court reviews a trial court's decision regarding an agency order, the appellate court uses two distinct standards of review. Lamar Outdoor Advertising v. Dayton Bd. ofZoning Appeals (June 21, 2002), Montgomery App. No. 18902, 2002-Ohio-3159, 2002 WL 1349600, at ¶ 12. On a question of fact, an appellate court's review is limited to an abuse of discretion. Id. An abuse of discretion exists where the trial court's attitude is unreasonable, arbitrary, or unconscionable. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. *Page 5 
However, on a question of law, an appellate court's review is de novo.Ohio Dept. of Commerce, Div. of Real Estate v. DePugh (1998),129 Ohio App.3d 255, 261, 717 N.E.2d 763. Thus, we apply the same standards as the trial court without deference to the trial court's decision.Brinkman v. Doughty (2000), 140 Ohio App.3d 494, 497, 748 N.E.2d 116."
FIRST ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLEE'S APPOINTMENT AS POLICE CONSTABLE WAS TERMINATED. NO EVIDENCE IN THE RECORD DEMONSTRATES THAT APPELLEE WAS TERMINATED FROM ANY POSITION OTHER THAN AS CHIEF OF POLICE."
 {¶ 15} Resolution 2006-09-18-12 of the Trustees, quoted above, refers to Blair's service "as an unclassified employee of Sugarcreek Township in the capacity of Chief of Police since April 25, 1998," and further states that "the Trustees of Sugarcreek Township have determined to remove Kelly E. Blair as Chief of Police." The resolution then states "that the Sugarcreek Township Board of Trustees does hereby terminate the employment of Kelly E. Blair effective September 18, 2006."
 {¶ 16} It is undisputed that Blair served as chief of police at the pleasure of the Trustees, R.C. 505.49(B), and therefore the Trustees could remove Blair from that position *Page 6 
as they did, without prior notice or hearing. Courts have held that, in that event, any separate status the employee enjoys as a certified police officer is nevertheless subject to a relevant notice and hearing requirement. Staley v. St. Clair Twp. Bd. Of Trustees, (Dec. 18, 1987), Columbiana App. No. 87-C-44. Absent a satisfaction of such requirements, the employee must be retained in that other position. Smith v.Fryfogle (1982), 70 Ohio St.2d 58.
 {¶ 17} Resolution 2006-09-18-12 is ambiguous with respect to whether Blair's additional appointment as a police constable is likewise terminated. To resolve that ambiguity, we employ the linguistic inference noscitur a sociis: interpret a general term to be similar to more specific terms in the series. On that basis, we find that Blair was terminated from his appointment as Chief of Police only, and not from his appointment as a police constable. Therefore, the trial court abused its discretion when it reversed and vacated the Trustees' decision to terminate Blair on a finding that the Trustees failed to comply with the statutory requirements for termination of a police constable appointed by a board of township trustees imposed by R.C. 509.01.
 {¶ 18} Blair argues that he enjoys certain rights of retention as a certified police constable and/or former *Page 7 
certified police officer of which the Trustees' action deprived him. That contention involves issues the trial court did not reach. Blair may present evidence on those matters in the course of further proceedings.
 {¶ 19} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 20} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLEE WAS ENTITLED TO DUE PROCESS RIGHTS IN HIS SECONDARY APPOINTMENT AS A POLICE CONSTABLE."
 {¶ 21} The error assigned is rendered moot by our determination of the assignment of error. Therefore, we exercise our discretion pursuant to App. R. 12(A)(1)(c) and decline to decide the error assigned.
 Conclusion {¶ 22} Having sustained the first assignment of error, we will reverse and vacate the judgment of the court of common pleas from which this appeal is taken and remand the case for further proceedings.
WOLFF, P. J. And BROGAN, J., concur.
Copies mailed to:
 Hon. J. Timothy Campbell *Page 1