[Cite as *Blair v. Sugarcreek Twp. Bd. of Trustees*, 2011-Ohio-1725.]


IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

KELLY BLAIR                                              :

     Plaintiff-Appellant                        :          C.A. CASE NO.    2010 CA 3

v.                                                              :          T.C. NO.    06CV811

BOARD OF TRUSTEES                             :        (Civil appeal from
OF SUGARCREEK TOWNSHIP, et al.                Common Pleas Court)

     Defendant-Appellee                        :

                                                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____8th____ day of ____April____, 2011.

. . . . . . . . . .

DWIGHT D. BRANNON, Atty. Reg. No. 0021657 and MATTHEW C. SCHULTZ, Atty. Reg. No. 0080142, 130 West Second Street, Suite 900, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

THOMAS C. MILLER, Atty. Reg. No. 0075960, Civil Division Chief, Greene County Prosecutor's Office, 55 Greene Street, First Floor, Xenia, Ohio 45385 and EDWARD J. DOWD, Atty. Reg. No. 0018681 and DAWN M. FRICK, Atty. Reg. No. 0069068, One Prestige Place, Suite 700, Miamisburg, Ohio 45342
     Attorneys for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}** The essential facts of this case were set out in our opinion in a prior appeal.

*Blair v. Board of Trustees of Sugarcreek Township*, Greene App. No. 08CA16,

2008-Ohio-5640. (*Blair I*) In that appeal by the Board, we reversed a judgment of the trial court in which the court had found that the township trustees were prevented from terminating Blair from his appointment as police constable without prior notice and hearing. We found that Blair was not terminated as a police constable and remanded "the case for further proceedings."

{¶ 2} On remand, a magistrate found that Blair was not terminated from his constable's position, "but even if he was terminated, he would not be entitled to back pay for that designation, because no compensation was attached to that position." The magistrate also stated that the "Township was not required to offer him a position in the police department that he held prior to his appointment as chief." Blair filed objections to the magistrate's decision. The trial court overruled his objections and dismissed Blair's R.C. Chapter 2506 appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 3} "THE TRIAL COURT ERRED BY HOLDING THAT KELLY BLAIR HAD NO RIGHT OF RETENTION AS A CERTIFIED POLICE OFFICER.

{¶ 4} "I. MR. BLAIR'S AMENDED NOTICE OF APPEAL WAS SUFFICIENT TO RAISE HIS STATUS AS A CERTIFIED POLICE OFFICER AS A BASIS FOR HIS APPEAL.

{¶ 5} "II. MR. BLAIR'S STATUS AS A CERTIFIED POLICE OFFICER ENTITLES HIM TO REINSTATEMENT TO HIS LAST POSITION BEFORE BECOMING TOWNSHIP POLICE CHIEF UPON HIS REMOVAL AS CHIEF."

## SECOND ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED BY HOLDING THAT THIS COURT OF APPEALS HAD HELD THAT KELLY BLAIR WAS NOT TERMINATED FROM HIS POSITION AS POLICE CONSTABLE WITH THE SUGARCREEK TOWNSHIP POLICE DEPARTMENT."

### THIRD ASSIGNMENT OF ERROR

{¶ 7} "THE TRIAL COURT ERRED BY HOLDING THAT THE POSITION OF POLICE CONSTABLE WITH THE SUGARCREEK TOWNSHIP POLICE DEPARTMENT WAS AN UNPAID POSITION."

{¶ 8} We previously held:

{¶ 9} "It is undisputed that Blair served as chief of police at the pleasure of the Trustees, R.C. 505.49(B), and therefore the Trustees could remove Blair from that position as they did, without prior notice or hearing. Courts have held that, in that event, any separate status the employee enjoys as a certified police officer is nevertheless subject to a relevant notice and hearing requirement. *Staley v. St. Clair Twp. Bd. Of Trustees*, (Dec. 18, 1987), Columbiana App. No. 87-C-44. Absent a satisfaction of such requirements, the employee must be retained in that other position. *Smith v. Fryfogle* (1982), 70 Ohio St.2d 58." *Blair*, supra, at ¶16.

{¶ 10} The notice and hearing requirements to which we referred are codified in R.C. 509.01(B), which provides for designation as police constable persons who are certified as having completed an approved basic training program, and that such constables may be removed or suspended only under the conditions and by the procedures in R.C. 505.491 to 505.495. Those sections set out basic due process requirements of notice and opportunity to

be heard and require findings that support the action taken. The parties agreed with the magistrate at the March 2007 hearing that its purpose was to take "evidence relating to whether or not Kelly Blair is a constable or police chief." (Tr. pg. 3). The trustees, pursuant to R.C. 505.49(B)(2), chose to appoint Blair chief and, later, to designate him as a constable (he had not previously been designated as constable). His position as a constable does not exist necessarily because he was appointed chief, like some sort of emolument. Regardless, since R.C. 509.01(B) and R.C. 505.49(B)(3) are identically worded, it does not matter whether his designation as a police constable was pursuant to R.C. 509.01(B) or R.C. 505.49(B)(2). He still is entitled to the procedures set forth in R.C. 505.491 and 505.495 before he can be terminated as a constable. It is not disputed that Blair was not provided with such statutory due process.

{¶ 11} This, however, is not the issue before us since we found in *Blair I*, at ¶17, that Blair was never terminated as a constable. Thus we reversed the magistrate and court's decisions that he was terminated, but that it had been done improperly for failure to comply with R.C. 509.01.

{¶ 12} On remand, the magistrate, probably out of an abundance of caution, allowed evidence whether Blair was constructively discharged as a constable, even if he had not been discharged as a constable as a result of a formal Resolution by the trustees. The arcane intricacies of bar, res judicata, collateral estoppel, claim or issue preclusion, or law of the case aside, the question of whether Blair had been terminated - by any means - has been argued and decided. To the extent Appellant then or now argues that he had been constructively terminated, as opposed to a termination by a Township Resolution, the

question was resolved by *Blair I.* Appellant's Second Assignment of Error is overruled.

{¶ 13} Further, based on the record of the hearings, we cannot say that the magistrate and judge's finding that no compensation attached to the constable position was an abuse of discretion. Appellant's Third Assignment of Error is overruled.

{¶ 14} The First Assignment of Error asserts that the court after remand erred by not finding that Blair was entitled to reinstatement as a certified police officer with the township when he was terminated as chief of police. The Appellant argues that any automatic surrender, upon being appointed chief, of the tenure and due process protections that a certified police officer enjoys creates a "destructive disincentive for experienced police officers ever to accept such a promotion." (Appellant's Brief, p. 14). He cites *Staley v. St. Clair Township Board of Trustees* (December 15, 1987), Columbiana County No. 87-C-44 for the principle that "a patrolman, other police district employee, or police constable. . .may be removed or suspended only under the conditions and by the procedures. . .set forth in the Revised Code" which, it is agreed, were not followed in Blair's case.

{¶ 15} The first part of the First Assignment states that Blair's "Amended Notice of [Administrative] Appeal was sufficient to raise his status as a certified police officer." His brief, pg. 7, argues that "paragraph 8, references both Mr. Blair's status as a constable and a certified officer. . ." and that he was "removed from office in violation of the law." This, according to the brief, "is, in a nutshell, the entire purpose of Kelly Blair's appeal after remand."

{¶ 16} Blair's Amended Notice of Administrative Appeal appeals "from the decision of the Trustees enforced on September 18, 2006, terminating Appellant's employment." As

we stated in *Blair I*, Resolution 2006-09-18-12, adopted on September 18, 2006, refers to Blair's service "as an unclassified employee of Sugarcreek Township in the capacity of Chief of Police since April 25, 1998. . .[and determines] to remove Kelly E. Blair as Chief of Police." Id. ¶15. The only decision on September 18, that Blair could administratively appeal, therefore, was his termination as chief. Believing the Township had also terminated him as a constable, Blair appealed that action (and we subsequently held that he was not terminated as a constable).

{¶ 17} Further, in his Amended Notice of Administrative Appeal, paragraph 7, he states he "is a police constable who was awarded a certificate attesting to his satisfactory completion of an approved basic training program. . .[and thus] he was named constable by Sugarcreek Township Trustees in 1998. . .[and that he] has been removed from office. . .without following the procedures set forth in the Ohio Revised Code for constables." Paragraph 8 is identical with the exception of the last sentence which alleges that he "has been terminated. . ." whereas paragraph 7 says he "has been suspended and will be terminated. . ."

{¶ 18} There is no reference in the Notice to "certified police officer" or "police officer." It does mention that he completed a basic training program, but such completion does not ipso facto make one a "certified police officer," or even a "police officer," let alone one that was employed and terminated as such by the township, and is just as consistent with his appealed termination as a constable. Similarly, the allegation that he was wrongfully "removed from office" can only be read as referencing his position as a "police constable." A further indication of grounds of the original administrative appeal is that at the 2007

hearings, Blair testified as to his belief that when he became chief he gave up any position in the classified service as a certified police officer employee of the township. He stated that he believed "that becoming a constable gave [him] job security with the township" (Tr. pg. 34) and that "every chief I worked for told me to make sure that if you become chief you become a constable. That is the only protection you have." (Tr. pg. 34).[1] Thus, if we stopped here, we would hold that Blair did not administratively appeal anything regarding his status as a former certified police officer with Sugarcreek Township.

{¶ 19} The confusion arises from dicta in *Blair I*: "Blair argues that he enjoys certain rights as a certified police constable and/or former certified police officer of which the Trustees' action deprived him. That contention involves issues the trial court did not reach. Blair may present evidence on those matters in the course of future proceedings." Id. ¶18. Construing this broadly, the parties, on remand, presented evidence and briefs regarding whether Blair had any rights as a "former certified police officer."

{¶ 20} Removal or suspension of a "certified police office" is governed by R.C. 505.49(B)(3):

{¶ 21} "Except as provided in division (D) of this section, a patrol officer, other police district employee, or police constable, who has been awarded a certificate attesting to the satisfactory completion of an approved state, county, or municipal police basic training program, as required by section 109.77 of the Revised Code, may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the

---

[1] This testimony was "clarified" in the 2009 hearings when Appellant testified that his belief that he had the right to return to his old job figured into his decision to take the job as chief (April 30, 2009, transcript pg. 35).

Revised Code. Any other patrol officer, police district employee, or police constable shall serve at the pleasure of the township trustees. In case of removal or suspension of an appointee by the board of township trustees, that appointee may appeal the decision of the board to the court of common pleas of the county in which the district is situated to determine the sufficiency of the cause of removal or suspension. The appointee shall take the appeal within ten days of written notice to the appointee of the decision of the board."

{¶ 22} R.C. 505.49(C)(1) provides that division (B) does not apply to larger townships that have a civil service commission; instead such townships are required to comply with the procedures in Chapter 124 of the Revised Code. R.C. 505.49(C)(2) then provides that, in such a township, a person appointed as chief who is removed or who resigns "shall be entitled to return to the classified service on the township police department, in the position that person held previous to the person's appointment as chief of police." Both parties agree that Sugarcreek is not such a township; therefore, R.C. 505.49(B)(3) governs the return of a certified police officer to Sugarcreek Township.

{¶ 23} If the certified police officer employed by a township as such who is appointed chief is always still a certified police officer employed by a township as such even when employed as chief of police, there is no need for R.C. 505.49(C), regardless of the size of the township. The statute gives a right to a chief in larger townships to return to his or her position "held previous" which implies that as chief he or she does not hold the position. Further, even this right is not imposed by the legislation on smaller townships without a civil service commission.

{¶ 24} To the extent the Assignments of Error raise issues concerning Blair's alleged

current status as a "certified police officer," Appellant was a <u>former</u> certified police officer employee with the township and is not automatically entitled to return to the classified service in the position that he held previous to his appointment as chief.

{¶ 25} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J.,

GRADY, P.J., dissenting:

{¶ 26} In the prior appeal, *Blair v. Board of Trustees of Sugarcreek Township*, Greene App. No. 08CA16, 2008-Ohio-5640 ("Blair I"), we found that, Plaintiff-Appellant Blair had not been removed or suspended from his position as a police constable. That finding reflected the fact that the resolution of Defendant-Appellee Board of Trustees of Sugarcreek Township (the "Board") removing Blair from his position as chief of police made no reference to Blair's position as a constable.

{¶ 27} On remand, the trial court found that Blair, even if he was not terminated from his constable's position, has no right that can be vindicated by proceedings pursuant to R.C. 505.491 to 505.495, to which Blair insists he is entitled pursuant to R.C. 509.01(B), because Blair benefitted from no compensation or other emolument of office from his constable's position. In the present appeal, the Board agrees with that finding, and points out that Blair's designation as a constable was done by the Board pursuant to R.C. 505.49(B)(2), adjunct to his appointment as chief of the township police district. The Board argues that Blair's removal as chief therefore encompassed his removal from his constable's position.

**{¶ 28}** R.C. 509.01(B) provides that persons designated police constables who also hold a training certificate, as Blair does, "may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the Revised Code." The adjunct designation of police chiefs as constables authorized by R.C. 505.49(B)(2) incorporates the protections of that section by reference with respect to removal or suspension of constables designated pursuant to R.C. 505.49(B)(2). Those same protections with respect to suspension or removal also appear in R.C. 505.49(B)(3).

**{¶ 29}** R.C. 505.491 states:

**{¶ 30}** "Trustees to prefer charges against delinquent police personnel

**{¶ 31}** "Except as provided in division (D) of section 505.49 or in division (C) of section 509.01 of the Revised Code, if the board of trustees of a township has reason to believe that a chief of police, patrol officer, or other township police district employee appointed under division (B) of section 505.49 of the Revised Code or a police constable appointed under division (B) of section 509.01 of the Revised Code has been guilty, in the performance of the official duty of that chief of police, patrol officer, other township police district employee, or police constable, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, neglect of duty, gross immorality, habitual drunkenness, incompetence, or failure to obey orders given that person by the proper authority, the board immediately shall file written charges against that person, setting forth in detail a statement of the alleged guilt and, at the same time, or as soon thereafter as possible, serve a true copy of those charges upon the person against whom they are made. The service may be made on the person or by leaving a copy of the charges at the office or residence of that person. Return of

the service shall be made to the board in the same manner that is provided for the return of the service of summons in a civil action."

{¶ 32} In *Smith v. Fryfogle* (1982), 70 Ohio St.2d 58, the Supreme Court considered the predecessor version of R.C. 505.49(C)(2), which contained the same reference to the protections afforded by R.C. 505.491 to 505.495. *Smith* distinguished the "quasi-judicial" action of a board of trustees in removing or suspending a police chief for the causes in R.C. 505.491 from the board's exercise of its "executive function" when removing a chief who serves at the pleasure of the board, without cause. *Smith* states: "R.C. 505.491 applies to the chief, among others, but only when the trustees have reason to believe the officer is guilty of neglect of duty or other named offense." *Id*., at 60. (Emphasis supplied.)

{¶ 33} The statutory provision that township chiefs of police serve at the pleasure of the board of trustees in R.C. 505.49(B)(2) does not, by its terms, extend to constables. However, the holding in *Smith* is not limited to removal or suspension of chiefs. With respect to the applicability of R.C. 505.491 to 505.495, *Smith* applies to chiefs, "among others." Those others reasonably include any other employee of the police district, including police constables. As a result, the quasi-judicial causes and procedures in R.C. 505.491 to 505.495 apply to the removal or suspension of such persons only when done for cause, specifically the causes in R.C. 505.491. Any other removal or suspension of an officer by the board is an executive function, to which those sections have no application.

{¶ 34} Blair's contention that his removal from his position as police constable, whether actual or constructive, may only be done pursuant to R.C. 505.491 to 505.495, is inconsistent with and contrary to the holding in *Smith*. Furthermore, it could lead to absurd

results the General Assembly never intended. R.C. 505.49(B)92) directs a township board of trustees to "appoint a chief of police for the district, determine the number of patrol officers and other personnel required by the district, and establish salary schedules and other conditions of employment for the employees of the police district." That mandate would authorize a board to order a reduction in force for fiscal reasons, terminating some of its employees. To limit the board's power to do that by requiring the board to then comply with the quasi-judicial procedures in R.C. 505.491 to 505.495 governing removal or suspension for cause would unreasonably hamstring the board in its exercise of the executive authority conferred by R.C. 505.49(B)(2).

{¶ 35} Having said all of that, we remain confronted by the Board's failure to terminate Blair from his constable's position. Notwithstanding the fact that Blair was so designated pursuant to R.C. 505.49(B)(2), adjunct to his appointment as chief, Blair's termination as chief did not likewise terminate his constable's position. Each position is recognized by statute, and each therefore reasonably requires a termination from that position to be effective. The Board's failure to terminate Blair from his constable's position not only leaves him in a state of limbo in that regard. It also presents a risk of liability for the Board should Blair exercise the remaining authority the Board conferred on him in some improper way. It could conceivably also work to the Board's detriment by extending the basis for calculating Blair's retirement benefits and the Board's contribution to his public retirement account.

{¶ 36} For the foregoing reasons, I would remand the case to the Board for the purpose of considering whether the Board should adopt a resolution terminating Blair from

his designated position as a police constable.

. . . . . . . . . .

Copies mailed to:

Dwight D. Brannon
Matthew C. Schultz
Thomas C. Miller
Edward J. Dowd
Dawn M. Frick
Hon. Michael Buckwalter