58

SMITH, APPELLANT, *v.*
FRYFOGLE ET AL., KNOX TOWNSHIP TRUSTEES, APPELLEES.

(No. 81-716—Decided May 12, 1982.)

*Mr. Wylan W. Witte* and *Mr. John A. Thomas,* for appellant.

*Mr. Don W. Humphrey, Jr.,* for appellees.

MILLIGAN, J. In 1963, township trustees were granted authority to establish, administer and dissolve township police districts. R. C. 505.48 through 505.55. If the trustees create a township police district, they are required to appoint a chief of police for the district. R. C. 505.49(A).

The General Assembly has established dual tracks for the tenure and removal of township chiefs of police. R. C. 505.49(A) provides that " * * * The chief of police of the district shall serve at the pleasure of the township trustees * * * ." This first path is clear and unequivocal. It gives the appointing body unilateral authority to terminate the chief of police without considerations of cause or reason. The function thus exercised is executive, not judicial or quasi-judicial. *State, ex rel. Atty. Gen.,* v. *Craig* (1903), 69 Ohio St. 236, paragraph three of the syllabus (where the board of health effectively indicated its pleasure by appointing a new health officer).

The second track for removal of a township police chief is found in R. C. 505.491 through 505.495, adopted in 1967. R. C. 505.491 provides:

"When the board of trustees of a township has reason to believe that any chief of police, patrolman, or other township police district employee * * * has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, neglect of duty, gross immorality, habitual drunkenness, incompetence, or failure to obey orders given him by the proper authority, the board shall immediately file written charges against such person, setting forth in detail a statement of such alleged guilt and, at the same time, or as soon thereafter as possible, serve a true copy of such charges upon the person against whom they are made. * * * " The board of township trustees thereupon

conducts a due process hearing. R. C. 505.492 through 505.495.

The second track, R. C. 505.491 *et seq.,* is also clear and unequivocal. In those limited circumstances where the trustees believe the chief of police, patrolman, or other police district employee has been guilty of one of the named offenses the trustees must act in a quasi-judicial manner, conducting a due process hearing.

R. C. 505.49 applies all the time and only to the police chief. R. C. 505.491 applies to the chief, among others, but only when the trustees have reason to believe the officer is guilty of neglect of duty or other named offense.

The creation of dual tracks for removal is supported by logic. In those instances where the trustees have reason to believe that the chief of police, or other officer, has been guilty of a named offense, the best interests of the government, the employee, and the public are served by a quasi-judicial proceeding where notice, hearing, compulsory attendance of witnesses, and advocacy are brought to bear upon the truth of the charges. For valid reasons of public policy, patrolmen, other township police district employees, and police constables, excluding the chief of police, are always granted the protection of this due process procedure upon removal. Conversely, the chief of police of the district is accountable directly to the appointing authority, the board of trustees. Absent a reason to believe that he is guilty of one of the named offenses, he may be removed "at the pleasure of the township trustees." R. C. 505.49(A).

The conclusion that the General Assembly intended to create dual tracks for removal is further buttressed by its amendment in 1978 of R. C. 505.49 as relates to larger townships. The General Assembly elected to restate that the chief of police of such larger township district serves "at the pleasure of the board," in R. C. 505.49(B), as follows:

"Division (A) of this section does not apply to any township having a population of ten thousand or more persons residing within the township and outside of any municipal corporation * * * . Such township shall comply with the procedures for employment, promotion, and discharge of police personnel provided by Chapter 124 of the Revised Code, *except*

*that the board of township trustees of the township may ap-
point the chief of police, and any person so appointed shall be in
the unclassified service under section 124.11 of the Revised
Code and shall serve at the pleasure of the board. * * * "* (Em-
phasized language added by amendment.)

If the General Assembly had intended to blanket a
township chief of police with the due process protection of
R. C. 505.491, it would hardly have added the above language.

The Knox Township Board of Trustees proceeded accord-
ing to the first path, R. C. 505.49. There is no evidence that
the trustees had reason to believe the chief was guilty of any of
the conduct described in R. C. 505.491. Nor is there any
evidence that they received or heard any such complaints.
They simply voted to remove appellant as chief and retain him
as a patrolman. They did what they had a right to do.

Did the events *after* the removal, and *after* the regular
public meeting, propel the matter onto the second, due process
path? We find they did not.

The abstaining trustee, the only witness, stated the
trustees did not discuss the issue before the meeting. He did
not recall what the motion was when it was made. Further:

"A. * * * But after the meeting or afterwards, the news
lady come and says, 'What is the reason for demotion.' And I
don't know, I just said, 'Negligence of duty.'

"Q. Is that the reason?

"A. Yes, sir, or I would suppose so. As far as I'm con-
cerned, yes.

"Q. As far as your [*sic*] concerned, the reason for the mo-
tion was neglect of duty?

"A. No, I abstained from the vote. I quoted—the news
lady wanted to know why, and that's all I could—

"Q. Well, where did you get this information if you never
discussed this with the trustees?

"A. Just—more or less the news lady pulled it out of the
air also.

"Q. You never said that?

"A. Well, I suppose she asked me what was the reason,
and I said, 'Probably negligence of duty.'

"Q. So are you, as a Trustee of Knox Township asserting

that there was negligence of duty or neglect of duty on the part of the police chief?

"A. Well, I imagine there had—

"Q. Is that a yes or a no answer?

"A. Yes."

The witness further testified that R. C. 505.491 *et seq.* were not followed.

"The action of a public officer, or of a board, within the limits of the jurisdiction conferred by law, is not only presumed to be valid, but it is also presumed to be in good faith and in the exercise of sound judgment. Before a court will take cognizance of a claim that the action of such officer or board is unlawful, arbitrary, unreasonable, or of such character as to constitute an abuse of discretion, facts must be set forth which would warrant such conclusion." *State, ex rel. Maxwell,* v. *Schneider, supra,* at 498.

These post-official-meeting, extrajudicial, self-contradictory, opinions of a single, non-voting township trustee, expressed to a newspaper, are not official acts of the board of trustees. Nor do they constitute evidence that the board acted in an unlawful, arbitrary or unreasonable manner. They do not show fraud, bad faith, or gross abuse of judicial discretion reposed in such board. *Raymond* v. *Trustees, supra,* paragraph two of the syllabus.

We agree with the Court of Appeals below when it stated:

"We cannot conclude that 'gossip' or off-hand remarks should be a basis for a determination that the board of trustees acted in such a way as to ' * * * amount to fraud, bad faith, or a gross abuse of the judicial discretion * * * ' reposed in them. The record made by the plaintiff-appellee [appellant herein] is sketchy, at best."

Finally, appellant claims his positon as chief of police is a protected property right of which he may not be deprived without due process of law pursuant to both the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

Finding, as we do, that the comments of a single, non-participating trustee, made after the official meeting, do not constitute an act of the board, we conclude that the board of

trustees did not injure appellant's reputation as contemplated by Section 16, Article I, of the Ohio Constitution.

Nor did appellant, as an appointee serving at the pleasure of the appointing authority, have any constitutionally-protected property right extending beyond the board's pleasure. *Board of Regents* v. *Roth* (1972), 408 U. S. 564.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, Acting C. J., SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

MILLIGAN, J., of the Fifth Appellate District, sitting for CELEBREZZE, C. J.