Plaintiff-appellant, William J. Miller, appeals from a decision of the Clermont County Court of Common Pleas granting summary judgment to defendant-appellee, Union Township. We affirm.
On August 18, 1992, the Union Township Board of Trustees hired Miller as the Union Township Chief of Police effective September 2, 1992. On March 9, 1993, the trustees adopted the "Union Township Personnel Policy and Procedures Manual." On March 31, 1993, Miller signed an "Acknowledgement Form" which stated that he understood the manual was not an express or implied contract of employment, was only an overview of working rules and benefits, and could be modified, amended or terminated by the trustees at any time. On May 23, 1995, the Board terminated Miller's employment as the Union Township Chief of Police without providing any grounds, notice or a hearing.
On July 11, 1995, Miller filed a complaint against Union Township in the United States District Court for the Southern District of Ohio, Western Division, alleging violations of federal and state law. The federal law claims alleged that Miller was terminated in violation of his rights to procedural and substantive due process. The state law claims alleged breach of contract, promissory estoppel and wrongful discharge in violation of public policy. On August 29, 1996, the district court granted summary judgment in favor of Union Township on the federal due process claims and dismissed the supplemental state law claims without prejudice. On October 21, 1997, the Sixth Circuit Court of Appeals affirmed the decision of the district court.
On October 1, 1996, Miller filed a complaint against Union Township in the Hamilton County Court of Common Pleas alleging breach of contract, promissory estoppel and wrongful discharge in violation of public policy. Union Township subsequently moved for a change of venue to the Clermont County Court of Common Pleas. On January 31, 1997, the motion was granted and the matter was transferred to the Clermont County Court of Common Pleas.
On October 28, 1997, Union Township filed a motion for summary judgment. On April 23, 1998, the trial court issued a decision granting summary judgment in favor of Union Township. The trial court found that based upon the findings of the district court, Miller's claims for breach of contract and promissory estoppel were barred by collateral estoppel. In addition, the trial court granted summary judgment to Union Township on Miller's claim for wrongful discharge because his termination did not violate a clear public policy.
On appeal, Miller assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO APPELLANT'S PROMISSORY ESTOPPEL CLAIMS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO APPELLANT'S CLAIM FOR PUBLIC POLICY TORT.
In both assignments of error, Miller asserts that the trial court erred by granting summary judgment in favor of Union Township. Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. When reviewing a summary judgment ruling, an appellate court conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440,445.
In the first assignment of error, Miller argues that the trial court erred by granting summary judgment in favor of Union Township as to his claim for promissory estoppel. Specifically, Miller argues that the trial court erred by finding that his claim for promissory estoppel was barred by collateral estoppel.
According to the employment-at-will doctrine, an employer may terminate an employee "* * * for any cause, no cause or even in gross or reckless disregard of any employee's rights * * *." Collins v. Rizkana (1995), 73 Ohio St.3d 65, 67-68. However, an employer's right to terminate an employee may be limited where an employer makes promises to an employee that fall within the doctrine of promissory estoppel. McIntosh v. Roadway Express, Inc. (1994), 94 Ohio App.3d 195, 200, citing Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 104. Promissory estoppel is applicable "when a promise which the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise." Mers at 105.
The doctrine of collateral estoppel, also known as issue preclusion, precludes a party from relitigating, in a subsequent action, an issue that has been actually and necessarily litigated and determined in a prior action. Ft. Frye Teaches Assn., OEA, NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395. The doctrine of collateral estoppel "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Id.
In the present case, Miller argues that collateral estoppel is not applicable because the district court's decision only addressed his federal due process claims. The district court held that Miller's rights to due process would only be implicated if he had a property interest, "a legitimate claim of entitlement," to continued employment as the Union Township Chief of Police. The district court analyzed the facts surrounding Miller's employment and concluded that Miller was an at-will employee under Ohio state law who did not have a property interest in continued employment. In order to reach this conclusion, the district court necessarily determined that Union Township's right to terminate Miller was not limited and therefore that Miller's claim for promissory estoppel lacked merit. See McIntosh,94 Ohio App. 3d at 199-200. Accordingly, the trial court did not err by finding that Miller's promissory estoppel claim was barred by collateral estoppel and Miller's first assignment of error is overruled.
In the second assignment of error, Miller argues that the trial court erred by granting summary judgment in favor of Union Township as to his claim for wrongful discharge in violation of public policy. "To state a claim of wrongful discharge in violation of public policy, a plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a `clear public policy.'" Painter v. Graley (1994),70 Ohio St.3d 377, paragraph two of the syllabus. A "clear public policy" may be ascertained from the Ohio and United States Constitutions, statutes, administrative rules and regulations, and the common law. Painter at paragraph three of the syllabus, overruling Tulloh v. Goodyear Atomic Corp. (1992), 62 Ohio St.3d 541.
Miller argues that he was terminated for investigating wrongdoing by his subordinates and that this violates Ohio's public policy as embodied in R.C. 3.23 and R.C. 505.49.1.[1] However, during Miller's employment with Union Township, R.C. 505.49(A) provided that "[t]he chief of police of the district shall serve at the pleasure of the township trustees." Where a chief of police is discharged pursuant to this statutory provision, a board of trustees has "unilateral authority to terminate the chief of police without considerations of cause or reason." Smith v. Fryfogle (1982), 70 Ohio St.2d 58, 59. Thus, the General Assembly has expressed a "clear public policy" in R.C. 505.49(A) that a chief of police is an at-will employee. Further, we are not persuaded that Miller's discharge for the reasons alleged violated a "clear public policy" with respect to R.C. 3.23 or R.C. 505.49.1. Accordingly, we conclude that the trial court did not err by granting summary judgment as to Miller's claim for wrongful discharge in violation of public policy. See Painter at 385. Miller's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] R.C. 3.23 provides in part:
 The oath of office of every other officer, deputy, or clerk shall be to support the constitution of the United States and the constitution of this state, and faithfully to discharge the duties of his office.
R.C. 505.49.1 provides in part:
 [I]f the board of trustees of a township has reason to believe that a chief of police * * * has been guilty, in the performance of the official duty of that chief of police * * * of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, neglect of duty, gross immorality, habitual drunkenness, incompetence, or failure to obey orders given that person by the proper authority, the board immediately shall file written charges against that person * * *.