BLAIR, APPELLANT, *v.* BOARD OF TRUSTEES OF SUGARCREEK

TOWNSHIP ET AL., APPELLEES.

[Cite as *Blair v. Sugarcreek Twp. Bd. of Trustees,*

132 Ohio St.3d 151, 2012-Ohio-2165.]

*R.C. 505.49—A certified township peace officer who is appointed chief and then terminated other than for cause in a non-civil-service township does not have the right to return to a position he held prior to his appointment as chief.*

(No. 2011-0960—Submitted January 18, 2012—Decided May 17, 2012.)

CERTIFIED by the Court of Appeals for Greene County,

No. 2010-CA-3, 2011-Ohio-1725.

_____

SYLLABUS OF THE COURT

1.  R.C. 505.49(B)(3) does not apply to police chiefs who have been certified as peace officers pursuant to R.C. 109.77 but serve in townships where R.C. 505.49(C) is not applicable.

2.  A certified township peace officer who is appointed chief and then is terminated other than for cause in a township where R.C. 505.49(C) is not applicable does not have the automatic right to return to the position he held prior to his appointment as chief.

_____

LANZINGER, J.

{¶ 1}  In this case, we are asked to resolve a conflict between the Second and Seventh District Courts of Appeals concerning whether a certified police officer who is appointed chief of police in a township with fewer than 10,000 residents, a police department with fewer than ten officers, and no civil service

commission has the automatic right upon termination to return to the position he held before his appointment as chief of police pursuant to R.C. 505.49. Based upon our reading of the statute, we hold that the former chief of police has no automatic right to return to a position that he held prior to appointment.

## I. Facts

{¶ 2} The Sugarcreek Township Police Department hired appellant, Kelly Blair, as a part-time patrol officer in 1988. Blair had completed training in 1975 to become a certified peace officer as required by R.C. 109.77 for permanent appointment as a township officer, and he completed a refresher course for the certification in 1988 after being hired by Sugarcreek Township. Over the course of the next ten years, Blair received a number of promotions—to full-time patrol officer, sergeant, lieutenant, and then to major or assistant chief. He was named chief of police of Sugarcreek Township in 1998. As chief of police, Blair served at the pleasure of appellee, the Sugarcreek Township Board of Trustees. Sugarcreek Township has a population under 10,000 and does not have a civil service commission.

{¶ 3} The board voted to terminate Blair from his position of chief of police in September 2006. He was not given the opportunity to return to any position that he previously held with the Sugarcreek Township Police Department.

{¶ 4} Blair appealed the board's decision to the Court of Common Pleas of Greene County, asserting that he did not receive a hearing regarding his termination as the chief of police; that he was unconstitutionally denied his right to procedural and substantive due process of law; that as a police constable awarded a certificate attesting to his satisfactory completion of an approved basic training program, he was terminated in violation of the law; and that the board failed to follow the proper procedures established by the Revised Code for removing a person in his position. Stating that Blair was properly terminated as

2

chief of police but that he was improperly terminated as constable, a magistrate recommended that Blair be reinstated as police constable. The trial court overruled the board's objections and adopted the magistrate's decision.

{¶ 5} On appeal, the Second District Court of Appeals held that Blair was not terminated from his police-constable position, but that he was terminated only from his appointment as chief of police. *Blair v. Sugarcreek Twp. Bd. of Trustees*, 2nd Dist. No. 08CA16, 2008-Ohio-5640, ¶ 15-17. The court of appeals reversed and remanded the case to give Blair the opportunity to present evidence on the issue of whether "he enjoys certain rights of retention as a certified police constable and/or former certified police officer of which the [board's] action deprived him." *Id.* at ¶ 18.

{¶ 6} On remand, the magistrate issued a decision finding that upon the board's termination of Blair as chief of police, Sugarcreek Township was not required to return him to the position in the police department that he held before his police chief appointment. The trial court overruled Blair's objections, adopted the magistrate's decision, and dismissed the appeal.

{¶ 7} Once again Blair appealed to the Second District, arguing in part that he had a right of retention as a certified police officer, that he was entitled to reinstatement to his last position before becoming chief of police upon his removal as chief of police,[1] and that he had been terminated from his position as police constable. The court of appeals reiterated its previous holding that Blair had not been terminated as police constable. *Blair v. Sugarcreek Twp. Bd. of Trustees*, 2nd Dist. No. 2010 CA 3, 2011-Ohio-1725, ¶ 11. After noting that R.C. 505.49(B)(3) governs a certified police officer's right to be returned to the

---

1. In his briefs before us, Blair does not specify the position to which he believes he is entitled to reinstatement. In his brief to the magistrate on remand in the initial appeal, he argued that he should be reinstated to the position of major. In his brief to the court of appeals, he argued that he should be reinstated to the position of assistant chief.

Sugarcreek Township police department, the court concluded that based on R.C. 505.49, a police officer in townships like Sugarcreek is no longer employed as a certified police officer once he or she has been appointed chief of police. *Id.* at ¶ 22-23. After making this distinction, the court held that Blair was not entitled to return to the position he held before his appointment as chief of police. *Id.* at ¶ 24.

{¶ 8} The Second District certified that its holding was in conflict with the holding from the Seventh District in *Staley v. St. Clair Twp. Bd. of Trustees*, 7th Dist. No. 87-C-44, 1987 WL 29625 (Dec. 15, 1987). We accepted this case as a certified conflict, 129 Ohio St.3d 1447, 2011-Ohio-4217, 951 N.E.2d 1045, and will answer a modified question: whether R.C. 505.49(B)(3) applies to a police chief who serves in a township where R.C. 505.49(C) is not applicable and who has been certified as a peace officer pursuant to R.C. 109.77.[2]

## II. Analysis

{¶ 9} Blair argues that his status as a certified township police officer entitles him to reinstatement to his last position before becoming chief of police, that he did not waive his tenure rights under R.C. 505.49(B)(3) by accepting the position of chief of police, and that the Seventh District's analysis in *Staley* is consistent with public policy. The board responds that Blair serves at the pleasure of the board, that he is not entitled to reinstatement to a previous position, that he has no tenured rights to waive, and that public policy favors the Second District's interpretation of R.C. 505.49.

{¶ 10} We have previously held that "[a]bsent a reason to believe that a township police chief is guilty of one or more of the named offenses in R.C.

---

2. The question certified in this case asks whether "[a] certified township police officer who is appointed chief and then is terminated as chief, other than for cause in a township where R.C. 505.49(C) is not applicable, does not have the automatic right to return to the position he held prior to his appointment as chief." Based on our review of the case, we believe that the modified question as worded above best reflects the actual conflict between the districts.

505.491, he may be removed from office 'at the pleasure of the township trustees,' pursuant to R.C. 505.49(A)." *Smith v. Fryfogle*, 70 Ohio St.2d 58, 434 N.E.2d 1346 (1982), syllabus. In *Fryfogle*, we considered whether an individual serving as chief of police at the pleasure of a township's board of trustees had any constitutionally protected property right extending beyond the board's pleasure. We noted that the General Assembly had established two methods for the removal of township police chiefs. First, a police chief could be dismissed without cause pursuant to former R.C. 505.49(A) (now R.C. 505.49(B)(2)). Second, a police chief could be dismissed after a hearing for violating R.C. 505.491. Because only a police chief dismissed for improper conduct, as defined by R.C. 505.491, was entitled to a hearing, we concluded that the General Assembly had not intended to provide due-process protections to a police chief dismissed for any other reason. *Id.* at 61.

{¶ 11} Because the township board of trustees in *Fryfogle* requested the terminated police chief to continue to serve as a peace officer in the township's police department, we did not then address whether a chief of police has an automatic right to return to his previous position upon removal from the position of chief. Thus, while it is clear that the board did not need to conduct a hearing in order to dismiss Blair pursuant to R.C. 505.49(B)(2), *Fryfogle* does not answer the questions of whether R.C. 505.49(B)(3) applies in this situation and whether Blair should be reinstated to the Sugarcreek Township Police Department.

## A. Statutory Framework

{¶ 12} Our analysis of whether Blair is entitled to return to a position with the Sugarcreek Township Police Department is dependent upon the language found in R.C. 505.49, which sets forth the manner in which townships may structure their police departments. R.C. 505.49(B) provides:

(1) The township trustees by a two-thirds vote of the board may adopt rules necessary for the operation of the township police district, including a determination of the qualifications of the chief of police, patrol officers, and others to serve as members of the district police force.

(2) * * * [T]he township trustees by a two-thirds vote of the board shall appoint a chief of police for the district, determine the number of patrol officers and other personnel required by the district, and establish salary schedules and other conditions of employment for the employees of the township police district. The chief of police of the district shall serve at the pleasure of the township trustees and shall appoint patrol officers and other personnel that the district may require * * *. The township trustees may include in the township police district and under the direction and control of the chief of police, any constable appointed pursuant to section 509.01 of the Revised Code, or may designate the chief of police or any patrol officer appointed by the chief of police as a constable, as provided for in section 509.01 of the Revised Code, for the township police district.

(3) * * * [A] patrol officer, other police district employee, or police constable, who has been awarded a certificate attesting to the satisfactory completion of an approved state, county, or municipal police basic training program, as required by section 109.77 of the Revised Code, may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the Revised Code. Any other patrol officer, police district employee, or police constable shall serve at the pleasure of the township trustees.

**{¶ 13}** Because it has fewer than 10,000 residents and does not have a civil service commission, Sugarcreek Township is subject to division (B) of R.C 505.49. However, our reading of R.C. 505.49(B) is informed by R.C. 505.49(C), which applies to larger townships:

> (1)  Division (B) of this section does not apply to a township that has a population of ten thousand or more persons residing within the township and outside of any municipal corporation, that has its own police department employing ten or more full-time paid employees, and that has a civil service commission established under division (B) of section 124.40 of the Revised Code.  The township shall comply with the procedures for the employment, promotion, and discharge of police personnel provided by Chapter 124. of the Revised Code, except as otherwise provided in divisions (C)(2) and (3) of this section.
>
> (2)  The board of township trustees of the township may appoint the chief of police, and a person so appointed shall be in the unclassified service under section 124.11 of the Revised Code and shall serve at the pleasure of the board.  A person appointed chief of police under these conditions who is removed by the board or who resigns from the position shall be entitled to return to the classified service in the township police department, in the position that person held previous to the person's appointment as chief of police.

*B. R.C. 505.49(B) must be read in conjunction with R.C. 505.49(C)*

{¶ 14} Blair urges us to adopt the analysis set forth by the Seventh District Court of Appeals in *Staley*. In that case, St. Clair Township terminated Staley's employment as its chief of police during an executive session without giving Staley a hearing. Like Blair, Staley had completed training to become a certified peace officer pursuant to R.C. 109.77. The Seventh District held that Staley was a certified peace officer and thus subject to the provision in former R.C. 505.49(A) (now 505.49(B)(3)) that states that a patrol officer, other police district employee, or police constable "who has been awarded a certificate attesting to the satisfactory completion of an approved state, county, or municipal police basic training program, as required by section 109.77 of the Revised Code, may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the Revised Code." *Staley*, 7th Dist. No. 87-C-44, 1987 WL 29625, *2. Without addressing the issue of whether a person may be both chief of police and an "other police district employee," the Seventh District concluded that "Mr. Staley is a certificated peace officer. The Board may terminate appellee's employment as a township police officer only under the conditions set forth in R.C. 505.491-505.495." *Id*.

{¶ 15} The critical difference between the analysis of the Second District in the present case and the analysis of the Seventh District in *Staley* is that the Second District chose to read R.C. 505.49(B) with respect to language in R.C. 505.49(C). We agree that the two divisions must be read in conjunction with each other.

{¶ 16} R.C. 505.49(B)(2) provides that "[t]he chief of police of the district shall serve at the pleasure of the township trustees." This statement would give the board full discretionary power to remove a police chief at any time. As the Seventh District pointed out, however, R.C. 505.49(B)(3) states that "a patrol

8

officer, other police district employee, or police constable, who has been awarded a certificate attesting to the satisfactory completion of an approved state, county, or municipal police basic training program, as required by section 109.77 of the Revised Code, may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the Revised Code."

{¶ 17} R.C. 505.49(B)(3) can be read in two ways. First, as the Seventh District interpreted the statute, a chief of police who has received certification under R.C. 109.77 qualifies as an "other police district employee" for purposes of R.C. 505.49(B)(3) and may be removed only pursuant to R.C. 505.491 to 505.495. Alternatively, as the Second District interpreted the statute, R.C. 505.49(B)(3) is inapplicable to certified peace officers serving as chief of police because R.C. 505.49(B)(2) provides that the chief of police serves at the board's pleasure and because "chief of police"—a title that is explicitly used many times throughout R.C. 505.49—is not included in the list of those positions protected under R.C. 505.49(B)(3).

{¶ 18} In order to clarify this ambiguity, R.C. 505.49(B) and (C) must be read in pari materia. "In reading statutes in pari materia and construing them together, this court must give a reasonable construction that provides the proper effect to each statute. [*Maxfield v. Brooks*, 110 Ohio St. 566, 144 N.E. 725 (1924), paragraph two of the syllabus.] All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable. *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 90 N.E.2d 139." *State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 25.

{¶ 19} When reading divisions (B) and (C) of R.C. 505.49 in pari materia, it is clear that terminated police chiefs in townships with populations under 10,000 like Sugarcreek Township are given no right to return to a previous police department position. Although R.C. 505.49(C)(2) specifically states that "[a]

person appointed chief of police [in a township with a population of 10,000 or more] * * * who is removed by the board * * * shall be entitled to return to the classified service in the township police department, in the position that person held previous to the person's appointment as chief of police," R.C. 505.49(B) does not grant this right to police chiefs in less populous townships. " 'In construing a statute, we may not add or delete words.' *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 120. If the legislature had intended to grant the right to return to a previous position to terminated police chiefs in townships subject to R.C. 505.49(B), it would have included language indicating this, just as it did in R.C. 505.49(C)(2). We will not add this language to the statute and thus will take the legislature at its word when it states in R.C. 505.49(B)(2) that in these townships, "[t]he chief of police of the district shall serve at the pleasure of the township trustees."

{¶ 20} We do not agree with Blair's argument that the statutory history of R.C. 505.49 dictates that he has a right to return to his previous position. Blair asserts that the provision in R.C. 505.49(C)(2) granting a right to return to a previous position was added to the statute to ensure that police chiefs in civil service townships have the same rights as police chiefs in non-civil-service townships, and that in adding this provision, the legislature did not intend to deprive police chiefs of non-civil-service townships of their rights to return to their previous positions. R.C. 505.49(B), however, does not explicitly grant this right to police chiefs in non-civil-service townships. We will not read an implied right into the statute, even if the legislature intended it to be there, because we "must construe intent of the lawmakers as expressed in the law itself." *Wachendorf v. Shaver*, 149 Ohio St. 231, 237, 78 N.E.2d 370 (1948).

{¶ 21} We further disagree with Blair's contention that there is no reason for the legislature to give police chiefs in civil service townships protections that

police chiefs in other townships do not have. To the contrary, there are legitimate reasons for the General Assembly to make this distinction. For a police chief to be protected under R.C. 505.49(C), the chief must be employed by a township with a population of 10,000 or more, with a police department of at least ten full-time employees, and with a civil service commission. The more populous townships are better able to place a former chief in a position previously held than are the less populous townships. It is reasonable for the General Assembly to relieve the smaller townships of the duty to reappoint a former chief to a position that may already be filled in a department with few employees, especially when doing so might put significant strain on the township's budget.

{¶ 22} Based on the language of the statute, we agree with the Second District Court of Appeals that R.C. 505.49(B)(3) does not apply to police chiefs. R.C. 505.49(B)(2) states that police chiefs in non-civil-service townships serve at the pleasure of the township board of trustees. No limitation to this statement is found in the statute, even though the legislature provided a right to return to a previous position to police chiefs in civil service townships under R.C. 505.49(C). We therefore hold that Blair did not have a right to return to his previous position with the Sugarcreek Township Police Department.

### III. Conclusion

{¶ 23} We hold that R.C. 505.49(B)(3) does not apply to police chiefs who have been certified as peace officers pursuant to R.C. 109.77 but serve in townships where R.C. 505.49(C) is not applicable. Furthermore, a certified township peace officer who is appointed chief and then is terminated other than for cause in a township where R.C. 505.49(C) is not applicable does not have the automatic right to return to the position he held prior to his appointment as chief. Under R.C. 505.49(B)(2), Blair served at the pleasure of the board. Upon his termination, Blair had no right to return to any previous position he had

previously held in the Sugarcreek Township Police Department. We accordingly affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

_____

Brannon & Associates, Dwight D. Brannon, and Matthew C. Schultz, for appellant.

Surdyk, Dowd & Turner Co., L.P.A., Edward J. Dowd, and Dawn M. Frick; and Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth Ellis, Assistant Prosecuting Attorney, for appellees.

_____