[Cite as *State ex rel. Young v. Lebanon City School Dist. Bd. of Edn.*, 2013-Ohio-1111.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO ex rel. | : | | |
| CHRISTINE L. YOUNG, | | CASE NO. CA2012-02-013 | |
| | : | | |
| Relator-Appellant, | | O P I N I O N | |
| | : | 3/25/2013 | |
| - vs - | : | | |
| | : | | |
| BOARD OF EDUCATION OF LEBANON | | | |
| CITY SCHOOL DISTRICT, et al., | : | | |
| Respondents-Appellees. | : | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CV79540

Finney, Stagnaro, Saba & Patterson, Christopher P. Finney, 2323 Erie Avenue, P.O. Box 8802, Cincinnati, Ohio 45208, for relator-appellant

The Law Firm of Curt C. Hartman, Curt C. Hartman, 3749 Fox Point Court, Amelia, Ohio 45102, for relator-appellant

McCaslin, Imbus & McCaslin, R. Gary Winters and Ian R. Smith, 900 Provident Bank Building, 632 Vine Street, Cincinnati, Ohio 45202, for respondents/appellees

Ennis, Roberts & Fischer, William M. Deters and Erin Wessendorf-Wortman, 1714 W. Galbraith Road, Cincinnati, Ohio 45239, for respondents/appellees

**S. POWELL, J.**

{¶ 1} A Lebanon resident sued the Lebanon City School Board, claiming the board violated Ohio's open meetings law when it failed to timely approve minutes of certain

meetings, exceeded the scope of the published purpose for a special meeting, and failed to follow the required procedures to hold executive sessions at three specific meetings. The Warren County Common Pleas Court granted summary judgment to the board. We affirm in part, and reverse in part, and remand this case as the board was entitled to summary judgment on only one issue, and, the resident was entitled to partial summary judgment.

{¶ 2} The Lebanon resident, relator-appellant, Christine L. Young, filed an amended complaint for declaratory judgment, injunctive relief, civil forfeiture, and attorney fees against respondent-appellee, Lebanon City School District Board of Education, the five members of the school board, and the district treasurer. We will refer to the respondents collectively as the "board."

{¶ 3} Young maintains that the board violated the open meetings act on four specific occasions when it failed to prepare and approve the previous meeting's minutes at the next respective meeting. Young claims that meeting minutes issued by the board fail to contain sufficient information to enable the public to understand and appreciate the rationale behind the board's decisions. Young asserts that the January 17, 2011 special meeting exceeded the scope of the meeting's purpose as stated in the notice provided for the meeting. She also claims that the board did not properly declare the specific purpose for an executive session before it entered into an executive session on the January 17, 2011 date and two other specific dates.

{¶ 4} Young's prayer for relief requested, in part, that the trial court enjoin the board from continuing its practices with regard to the preparation of meeting minutes and the manner in which it conducted its executive sessions and award $500 per each found violation and court costs and reasonable attorney fees, as permitted by statute.

{¶ 5} Young moved for partial summary judgment, arguing that there was no dispute of fact the board violated R.C. 121.22 by failing to timely prepare and approve meeting

minutes for four specific meetings at the next respective meeting, and by holding a special meeting on January 17, 2011, that exceeded the scope of the specific purpose published in the public notice for the special meeting. The school board moved for summary judgment on all issues. The trial court denied Young's motion, and granted the school board's motion. Young instituted this appeal, setting forth one assignment of error, with several issues for our review.

{¶ 6} Assignment of Error:

{¶ 7} THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE RESPONDENTS-APPELLEES AND IN DENYING PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE RELATOR-APPELLANT.

Timeliness for Approval of Minutes

{¶ 8} Young first argues that the board violated or threatened to violate the open meetings act when it "systematically" failed to have minutes of board meetings prepared, corrected or approved at the board's next respective meeting. Specifically, Young argues that R.C. 121.22, the open meetings act, and R.C. 3313.26, which deals with a school treasurer's preparation of meeting minutes, should be read together, or in pari materia. Young asserts that the two statutes read together require the school board to prepare, correct, and approve the minutes of a previous meeting at the next respective meeting. Young cites to four meetings where she claims this did not occur, to wit: the meetings of January 17, 2011, January 24, 2011, January 31, 2011, and February 22, 2011.

{¶ 9} The record reveals the following evidence was admitted pertinent to this issue. Young was present when the board met for a "workshop" on January 17, 2011, to discuss the results of a community survey that pertained, in part, to input about placing a tax levy on the ballot. The approved written minutes indicate the board held an executive session at the meeting.

- 3 -

{¶ 10} Young made a public records request to the board on January 25, 2011. The school district treasurer responded with a letter dated March 22, 2011, which indicated that Young had already received some items from her public records request. The letter stated that the "last item from your public record request * * * was a request for the board minutes from the meeting on January 17, 2011. This was a workshop which is different than a board meeting and minutes are not typed from a board workshop." [sic] The letter concluded with the following: "Please accept this as our acknowledgement of fulfilling your request." Less than a month later, Young filed her complaint against the board on April 8, 2011.

{¶ 11} The evidence includes an affidavit from the district treasurer, which stated, in essence, that he meant to inform Young that the January 17, 2011 work session was not recorded with audio equipment, and, consequently, the minutes from that meeting were drafted from notes. The treasurer stated that the minutes were not yet available because the board had not approved the minutes, which he indicated the board approved on April 18, 2011. The treasurer testified that the board was in the process of transitioning from transcribing verbatim minutes from audio recordings to written minutes taken at the meetings, and for that reason, the board was "about three months" behind in approving the minutes for previous meetings.

{¶ 12} We consider all of the issues raised in this appeal mindful that public records are the people's records, and the custodians of those records are merely trustees for the people. *White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 420 (1996). "One of the strengths of American government is the right of the public to know and understand the actions of their elected representatives." *Id.* at 419. "This includes not merely the right to know a government body's final decision on a matter, but the ways and means by which those decisions were reached." *Id.*

{¶ 13} The open meetings act of R.C. 121.22 provides that the statute shall be liberally

construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law. R.C. 121.22(A). All meetings of any public body are declared to be public meetings open to the public at all times, and the minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. R.C. 121.22(C).

{¶ 14} In other words, where members of a public body agree to attend, in their official capacity, a meeting where public business is to be discussed and a majority of the members attend, R.C. 121.22(C) necessitates that minutes of the meeting be recorded. *State ex rel. The Fairfield Leader v. Ricketts*, 56 Ohio St.3d 97, 102 (1990); *see* R.C. 121.22(B)(2) ("meeting" is any prearranged discussion of the public business of the public body by a majority of its members).

{¶ 15} The term "promptly" prepared, filed and maintained is not defined in R.C. 121.22, nor is it defined in R.C. 149.43, the public records act. We note that courts have used the ordinary and customary meaning of "without delay and with reasonable speed" to define "promptly" for purposes of "promptly" prepare public records under R.C. 149.43. *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311 ¶ 37 (this meaning depends largely on facts of each case).

{¶ 16} Any person may bring an action to enforce R.C. 121.22, and "[u]pon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions." R.C. 121.22(I)(1).

{¶ 17} We observe that a board of education acts by resolutions duly adopted at its legally convened meetings and memorialized by written minutes; the memorialization of its actions is a function of its treasurer. *See Holden v. Bd. of Educ., Findlay City Sch. Dist.*, 3rd

Dist. No. 5-79-34, 1980 WL 352023 (Mar. 28, 1980).

{¶ 18} R.C. 3313.26, states, in pertinent part, that:

The treasurer of the board of education shall record the proceedings of each meeting in a book to be provided by the board for that purpose, which shall be a public record. The record of proceedings at each meeting of the board shall be read at its next succeeding meeting, corrected and approved, which approval shall be noted in the proceedings. After such approval, the president shall sign the record and the treasurer attest it.

By resolution, a board of education may waive the reading of the record of any of its proceedings, provided that such record has been distributed to the members of the board of education at least two days prior to the date of the next succeeding meeting and that copies of such record are made available to the public and news media. Such regulation shall be in full force and effect until such time as amended or rescinded by said board of education.

{¶ 19} Young was not able to provide, nor were we able to find, a case in which R.C. 121.22 and R.C. 3313.26 were considered and read in pari materia. However, as Young points out, the Ohio Supreme Court has stated that statutes relating to the same subject matter must be construed in pari materia. *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620 (1999); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 28; *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 56 (2001).

{¶ 20} The Ohio Supreme Court in *Register* considered the open meetings act, the public records act and R.C. 507.04, which required the fiscal officer keep an accurate record of the proceedings of the trustees at all of their meetings, and found that construing the three statutes together, the township had a duty to maintain a full and accurate record of proceedings and make them available for public inspection. *Id.*; *see Long* at 61 (construing R.C. 121.22, 149.43, and 733.27 in pari materia, respondents, including the village clerk, have a duty to prepare, file, and maintain full and accurate minutes for council meetings, and

to make them available for public inspection).

{¶ 21} In *White*, 76 Ohio St.3d at paragraph one of the syllabus, the Ohio Supreme Court held that "R.C. 121.22, 149.43 and 305.10, when read together, impose a duty on all boards of county commissioners to maintain a full and accurate record of their proceeding." *Id.*

{¶ 22} In reading statutes in pari materia, this court must give a reasonable construction that provides the proper effect to each statute; all provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable. *State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234, 238, 2009-Ohio-2610, ¶ 25; *Blair v. Sugarcreek Twp. Bd. of Trustees*, 132 Ohio St.3d 151, 2012-Ohio-2165, ¶ 18.

{¶ 23} A court's "paramount concern" when construing a statute is the statute's legislative intent and courts should avoid adopting a construction of a statute that would result in circumventing the evident purpose of the enactment. *See State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543-44 (1996).

{¶ 24} For *White*, *Register* and *Long*, the Ohio Supreme Court relied on a specific statute – R.C. 305.10 or R.C. 507.04 or R.C. 733.27 – in conjunction with the pertinent public records and open meetings statute to impose a duty with reference to the *content* of meeting minutes or the record of proceedings. (Emphasis added.) Likewise, reading R.C. 3313.26 in pari materia with R.C. 121.22 provides the time frame for determining when the minutes of a board of education are "promptly prepared, filed and maintained." To find otherwise would render the language of R.C. 3313.26 meaningless.

{¶ 25} We are aware of the board's argument and the trial court's determination with regard to a lack of "private right of action" component of R.C. 3313.26. However, the issues presented in this case are related to open meetings and the public's access to the decision-

making process of a public body. The Ohio Supreme Court did not limit the in pari materia application of R.C. 305.10 or R.C. 507.04 or R.C. 733.27 because those statutes did not expressly confer a private right of action and we see no reason to restrict the application of R.C. 3313.26 to R.C. 121.22 in that manner.

{¶ 26} We also acknowledge that this court previously said we were not aware of any time requirement for the preparation of minutes of public meetings in the 2005 case of *In re Removal of Kuehnle*, 161 Ohio App.3d 399, 2005-Ohio-2373, ¶ 113 (12th Dist.). The *Kuehnle* case involved the removal of school board members for alleged gross neglect of duty, misfeasance, malfeasance, or nonfeasance with regard to a number of matters or grounds, and while the trial court found the board violated the open meetings act and the public records act when it delayed formally approving meeting minutes, the case principally turned on those other grounds and matters.

{¶ 27} Nonetheless, the Stark County Common Pleas Court found in *Schafer v. Board of Ed. of Alliance City School Dist., Stark County*, 58 Ohio Law Abs. 554, 94 N.E.2d 112 (C.P.1950), that the code has provided direction for the preparation and approval of meeting minutes.

{¶ 28} Specifically, the court in *Schafer* considered the language of Section 4834-3, a predecessor to R.C. 3313.26, which required, in part, that the "record of proceedings at each meeting of the board shall be read at its next succeeding meeting, corrected, if necessary, and approved, which approval shall be noted in the proceedings." The other statute dealt with roll call votes. *Id.*

{¶ 29} The *Schafer* court found that the two statutes were mandatory and the proceeding at issue – the acceptance of the resignation of the superintendent – was a nullity because the board did not comply with the "mandatory words" of the statutes. *Id.*

{¶ 30} In explaining its determination, the *Schafer* court noted that the language of

Section 4834-3 evidenced that the legislature intended the minutes of a meeting be read, corrected and approved at the next meeting of the board, "be it special or regular [meeting], because that is the time when the matter of the whole proceedings is fresh in the minds of the Board members and the time when they are best able to make corrections and approvals."

{¶ 31} The *Schafer* case and the in pari materia decisions cited above from the Ohio Supreme Court persuade this court to read R.C. 121.22 and R.C. 3313.26 together in determining whether the board prepared and approved the meeting minutes "promptly."

{¶ 32} Under Civ.R. 56, summary judgment is appropriate when no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). The moving party has the burden of demonstrating there is no genuine issue of material fact. *Id.* A dispute of fact can be considered "material" if it affects the outcome of the litigation, and considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.* This court's review of a trial court's ruling on a summary judgment motion is de novo. *Id.*

{¶ 33} Construing the evidence most favorably for the non-moving party on each party's respective summary judgment motion, reasonable minds could come to but one conclusion and that conclusion is adverse to the board. Young alleged that the board failed to prepare and approve minutes at the next meeting on four occasions in January and February 2011. The board acknowledged that it was three months behind in approving meeting minutes and did not approve minutes for the meetings at the next respective meeting during the two-month period at issue. Reading the statutes in pari materia, R.C. 3313.26 and R.C. 121.22 define what would constitute "promptly" prepared minutes, and the

minutes from the four specific meetings at issue were not promptly prepared in accordance with R.C. 121.22. Therefore, Young is entitled to summary judgment on this specific issue. The grant of summary judgment to the board on this issue is reversed.

<u>Published Purpose of Special Meeting</u>

{¶ 34} Young next argues that the board violated or threatened to violate the open meetings act when it exceeded the scope of the announced and published purpose of the special meeting on January 17, 2011.

{¶ 35} It appears uncontested that the meeting the board held on January 17 was a special meeting and not a regular meeting. R.C. 121.22(F) states that "[e]very public body, by rule, shall establish a reasonable method whereby any person may determine * * * the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action."

{¶ 36} Young cites two appellate decisions for her assertion that the notice for the special meeting must refer to those specific reasons, and those specific reasons are the only ones that can be addressed at such a meeting. *See Jones v. Brookfield Township Trustees*, 11th Dist. No. 92-T-4692, 1995 WL 411842 (June 30, 1995); *see also Hoops v. Jerusalem Twp. Bd. of Trustees*, 6th Dist. No. L-97-1240, 1998 WL 172819 (Apr. 10, 1998).

{¶ 37} Specifically, the *Jones* court noted that:

> [I]n giving notice of a general meeting, a public body is not required to state the meeting's purpose. This distinction is obviously predicated upon the fact that such a meeting is not being held for any specific reason, but instead is being held because it is a regularly scheduled meeting. In contrast, the use of the term "special meeting" implies that such a meeting can only be held when there are specific reasons for holding it. Given the existence of such a reason, it follows that the notice of a special meeting must refer to those specific reasons, and that

those specific issues are the only ones which can be addressed at such a meeting.

*Jones* at *6.

{¶ 38} The *Jones* court, citing to 1988 Ohio Atty.Gen.Ops. No. 88-029, also stated there is nothing in the wording of R.C. 121.22(F) that would support the conclusion that a special meeting can only be held to consider only one specific issue; i.e., the language of the division does not prohibit the holding of a special meeting for general purposes. *Jones* (term "special meeting" was only intended to refer to those meetings that were not regularly scheduled; special meeting notice can merely state that meeting is being held for general purposes, if that is the actual reason for meeting); *see also Warthman v. Genoa Twp. Bd. of Trustees*, 5th Dist. No. 10CAH040034, 2011-Ohio-1775, ¶ 118.

{¶ 39} In *Hoops*, the 6th District reviewed the published notices and minutes from two separate meetings. The court observed that the notices indicated the purpose of each special meeting was the receipt of bids on certain fire department equipment, but the minutes reflected that other regular business of the township was conducted at those meetings. *Id.* at *4. The *Hoops* court found that the business transacted by the trustees at those two meetings exceeded the scope of the published purpose for those two respective meetings, and were held in violation of R.C. 121.22(F) as a matter of law. *Hoops* at *5.

{¶ 40} According to the record in the instant case, the written published notice provided before the January 17, 2011 meeting indicated the "purpose is to have a workshop to discuss community information." The approved minutes of the meeting stated that "Mrs. Lawrence gave a presentation of the Community Survey Results." There was no further elaboration on that article of business in the approved minutes. The minutes also indicate the board entered into an executive session "to discuss negotiations with public employees concerning their compensation and other terms and conditions of their employment." Young

argues that the stated purpose for the executive session exceeds the published purpose of "community information."

{¶ 41} The board offered an affidavit of the district treasurer, who explained that the executive session was related to the published purpose of the January 17 special meeting because negotiations with public employees concerning their compensation and other terms and conditions of their employment was a topic in the "community information" survey discussed in the open meeting.

{¶ 42} We determine this issue by considering the published meeting notice and the approved written minutes of the January 17 meeting. *See Holden*, 3rd Dist. No. 5-79-34, 1980 WL 352023 (board acts by resolutions duly adopted at its legally convened meetings and memorialized by written minutes); *see* R.C. 3313.26.

{¶ 43} We conduct this review, mindful that minutes only need to reflect the general subject matter of discussions in executive sessions, but should encompass a more substantial treatment of items discussed at an open meeting; or, in other words, the official minutes must contain sufficient facts and information to permit the public to understand and appreciate the rationale behind a public body's decisions. *White*, 76 Ohio St.3d at 423-424; *see also* R.C. 121.22(C).

{¶ 44} Applying the standard of review required for the respective summary judgment motions, we find no genuine issues of material fact remain and reasonable minds can come to but one conclusion and that conclusion is adverse to the board.

{¶ 45} The published notice for the January 17 meeting indicated the purpose of the special meeting was "community information." The approved minutes indicate an individual discussed community survey results with the board, but no other information was provided regarding the content of this community survey. If the discussion of "community information" encompassed such issues as employee negotiations and employee compensation, etc., we

- 12 -

would expect the approved minutes to so state. The meeting minutes failed to provide sufficient facts and information to relate the executive session purpose of employee negotiations and employee compensation to "community information." The board is not entitled to summary judgment on this issue; Young is entitled to summary judgment with regard to the special meeting published notice.

## Executive Session Procedure

{¶ 46} Young argues the board violated or threatened to violate the open meetings act when it failed to state one or more of the statutorily-approved reasons for holding an executive session in its motion to enter into an executive session for meetings on April 20, 2009, May 17, 2010, and January 17, 2011. Young also asserts that the treasurer should not be permitted to supplement the written minutes of the April and May meetings with his recollections, based on his review of audio recordings of the meetings.

{¶ 47} First, we note that the board moved for and was granted summary judgment on this challenge to the three executive sessions; Young's motion for partial summary judgment did not raise this issue. While we are aware the Ohio Supreme Court has stated that a court may approve the grant of summary judgment to a nonmoving party under certain circumstances, we decline to do so in this case. *See Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 17; *State ex rel. Anderson v. Vermilion*, 134 Ohio St. 3d 120, 2012-Ohio-5320, ¶ 8. Accordingly, we address Young's argument solely on the basis of whether the trial court erred in granting summary judgment to the board.

{¶ 48} As previously stated, Ohio's Open Meetings Act is to be liberally construed to require a public body to take official action and conduct deliberations upon official business in meetings open to the public. R.C. 121.22(A). Public officials may discuss certain sensitive information in a private executive session from which the public is excluded, if particular procedures are followed. *Tobacco Use Prevention & Control Found. Bd. of Trustees v.*

*Boyce*, 185 Ohio App.3d 707, 728, 2009-Ohio-6993, ¶ 64 (10th Dist.); *see Jones*, 1995 WL 411842, citing 1988 Ohio Atty.Gen.Ops. No. 88-029.

{¶ 49} Specifically, members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of specific matters. R.C. 121.22(G); *see also Long*, 92 Ohio St.3d at 59. According to R.C. 121.22(G), and as summarized below, a public body may hold an executive session for: 1) the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee; 2) the purchase or sale of property for public purposes; 3) conferences with an attorney for the public body concerning disputes involving the public body that are the subject of pending or imminent court action; 4) preparing for, conducting, or reviewing negotiations with public employees concerning their compensation or other terms and conditions of their employment; 5) matters required to be kept confidential by federal law or regulations or state statutes; 6) details relative to the security arrangements and emergency response; 7) issues involving a county hospital.

{¶ 50} The executive session exceptions contained in R.C. 121.22(G) are to be strictly construed. *State ex rel. Hardin v. Clermont Cty. Bd. of Elections*, 12th Dist. Nos. CA2011-05-045, CA2011-06-047, 2012-Ohio-2569, ¶ 15.

{¶ 51} Young claims the board violated the open meetings act at the executive session on January 17, 2011, and, as previously noted, the minutes for the special meeting on that date indicate a motion was made to enter into executive session to "discuss negotiations with public employees concerning their compensation and other terms and conditions of their employment." The minutes also indicate a second of the motion and a roll call vote.

{¶ 52} Young asserts that she was present at that meeting and the school

superintendent asked the board to enter into an executive session to discuss "time lines." She indicated the superintendent also said that no board action would be taken and asked someone to note the "time" when the board entered executive session. Young recalls the superintendent said she could move to another room, or something to that effect, or he would walk her out, if she chose to leave. Young admitted that she left at that time and did not return, and did not hear a motion or roll call vote to enter into executive session.

{¶ 53} Young also challenges the executive sessions from the regular meetings of April 20, 2009, and May 17, 2010. The approved written minutes for the April 20 meeting state that a motion was made to enter into executive session to discuss "personnel." The approved written minutes for the May 17 meeting indicate a motion to enter into executive session was made, but no purpose was stated. Young does not assert that either of the April or May executive sessions at issue lacked a motion for roll call vote.

{¶ 54} A board of education speaks only through its resolutions entered upon the journal of its minutes. *Cashdollar v. Bd. of Edn. of Northridge*, 5th Dist. No. CA 2951, 1983 WL 6527 (July 7, 1983) (discussing whether a one-day suspension of a student was appealable under Chapter 2506 when and if the Board of Education enters an appropriate resolution on its minutes or its journal); *see also Popson v. Danbury Local Sch. Bd. of Edn.*, 152 Ohio App.3d 304, 2003-Ohio-1625 (6th Dist.); *see Swafford v. Norwood Bd. of Edn.*, 14 Ohio App.3d 346, 348 (1st Dist.1984) (in determining time for administrative appeal, court found that a public board, commission, or other deliberative body speaks through its minutes or its written record of resolutions, directives, and action); *contra A.M.R. v. Zane Trace Local Bd. of Edn.*, 4th Dist. No. 11CA3261, 2012-Ohio-2419.

{¶ 55} The treasurer testified by deposition and by affidavit that the board possessed audio recordings of the pertinent April and May regular meetings at issue and his review of those recordings indicated that additional information fulfilling the requirements of R.C.

121.22 was provided by the board before it entered into the executive sessions on the two dates in April and May.

{¶ 56} The existence of audio recordings of the April and May meetings adds an additional element to this case. We acknowledge the Ohio Supreme Court in *Long* reviewed audiotapes submitted in that case. *Long* 92 Ohio St.3d at 57. However, the *Long* court rejected the public body's attempt to offer the audio recordings to satisfy the requirements of R.C. 121.22. *Id.* In explaining its rejection, the *Long* court cited the existence of inaudible passages in the tapes, the inability to identify the speakers without a transcript, and, more pertinent to this case, the public body did not tape all of its meetings and did not treat the audiotapes as the official minutes, when typewritten minutes were prepared, reviewed, and approved by the public body. *Id.* at 57-58. Therefore, we will limit our review to the approved, written minutes of the board to determine whether the board properly entered into executive session at the three challenged meetings.

{¶ 57} With regard to the executive session on January 17, 2011, the written minutes indicate the board voted to hold an executive session about negotiations with employees, compensation and other terms and conditions of employment. No one alleges that this stated purpose was not a proper basis for entering into an executive session.

{¶ 58} In previous aspects of this appeal, the parties asked this court to address certain issues by reviewing the approved minutes of the January 17, 2011 meeting. Young argued that the stated purpose of the executive session on that date was not sufficiently related to the published purpose of the special meeting. Therefore, all of the issues raised by way of summary judgment will be reviewed with these minutes as approved.

{¶ 59} Construing the evidence most favorably for Young, the non-moving party, we find that reasonable minds could only conclude that the board entered into an executive session on January 17, 2011, to consider negotiations with employees and their

compensation, etc. The board is entitled to summary judgment on this issue.

{¶ 60} Turning now to the specific executive sessions for the meetings on April 20, 2009, and May 17, 2010, we find the board was not entitled to summary judgment. As we previously noted, a public body may convene in executive session only after a motion and a vote that identifies the permissible topic, and the executive session may then be held for the sole purpose of the consideration of the enumerated exceptions. *See* R.C. 121.22(G); *Long*, 92 Ohio St.3d at 59.

{¶ 61} The written and approved minutes of the May 17, 2010 meeting indicate no stated purpose for the executive session at issue. Clearly, this executive session was held in violation of R.C. 121.22, and the board was not entitled to summary judgment.

{¶ 62} The written and approved minutes for the meeting of April 20, 2009, indicate the board held an executive session to consider "personnel" issues.

{¶ 63} If a public body will hold an executive session for the purpose of discussing one or more of the matters listed in R.C. 121.22(G)(1) concerning personnel, the public body must specify in its motion and vote, which of the particular matters listed in subdivision (G)(1) the public body will discuss. *See Jones*, 1995 WL 411842 (reference to "police personnel issues" insufficient to satisfy the notice requirement of R.C. 121.22[G][1]).

{¶ 64} The Ohio Supreme Court in *Long* stated that the public body that uses such general terms as "personnel" or "personnel and finances," instead of one or more of the specified statutory purposes, violates R.C. 121.22(G)(1). *Long* at 59; *see Boyce*, 2009-Ohio-6993 at ¶ 70 (executive session called "to consider confidential legal matters" is insufficient notice the public body intended to discuss "pending or imminent court action" under R.C. 121.22[G][3]).

{¶ 65} Accordingly, we find that the board was not entitled to summary judgment on the issues pertaining to the April 20, 2009, and May 17, 2010, executive sessions. The grant

of summary judgment to the board is reversed.

**{¶ 66}** The assignment of error is sustained in part, and overruled in part.

**{¶ 67}** The summary judgment granted to the board is affirmed to the extent of the finding that the board did not violate the open meetings act and properly stated the purpose of the executive session of their January 17, 2011 special meeting, and reversed in all other respects. Summary judgment is granted to Young to the extent the board violated the open meetings act by exceeding the scope of the published purpose of its January 17, 2011 special meeting and failing to approve minutes of its January 17, 2011, January 24, 2011, January 31, 2011, and February 22, 2011, meetings according to law. This cause is, in all other respects, reversed and remanded for further proceedings according to law.

HENDRICKSON, P.J., and RINGLAND, J., concur.